ISAAC WILLIAMS v. BETTIE WILLIAMS.

Decided April 1, 1910.

**1.—Husband and Wife—Community or Separate Property—Evidence.**

In a suit for divorce, evidence considered and held to raise an issue of fact whether or not certain property in which the wife claimed an interest was purchased with the separate funds of the husband, and it was therefore error for the court to instruct a verdict.

**2.—Divorce—Alimony—Pleading and Practice.**

In the partition of community property in a divorce proceeding the community estate should be charged with alimony received by the wife during the pendency of the suit, and under proper pleading and evidence the amount paid should be determined by the jury.

**3.—Same.**

Pending a suit for divorce, if there be no community estate, the husband may be required to maintain the wife out of his separate estate; but if there be community estate the revenues therefrom should be charged with the

burden, and the amount so paid by the husband should be taken into account in the division of the community property when the divorce is granted. If the amount paid as alimony exceeds the wife's one-half of the rents and revenues of the community estate, this should be paid by the husband and should not be made a special charge upon the wife's half of the corpus of the community estate.

#### 4.—Same—Appropriation of Funds—Accounting.

Upon granting a divorce and decreeing a partition of the community estate, each spouse should be charged with one-half of community funds or property appropriated by him or her.

#### 5.—Alimony—Execution to Collect—Appeal from Order.

An order of a judge directing the issuance of an execution to enforce the collection of unpaid alimony is not such a final judgment as that term is used in art. 1383, Sayles' Civ. Stats., as may be appealed from.

#### 6.—Divorce—Alimony—Appeal.

A wife is entitled to alimony pending an appeal from a decree of divorce as well as before the decree was rendered.

#### 7.—Same.

No appeal lies from an order granting alimony, and an appeal from the judgment granting or refusing a divorce does not suspend the operation of the order for alimony nor the power of the judge to enforce its payment.

#### 8.—Same—Appointment of Receiver.

An appeal by supersedeas bond in a suit for divorce puts the property as well as the cause of action under the jurisdiction of the appellate court, and the appellant would be entitled to the possession and control of the property pending the appeal; the trial court therefore would have no authority to appoint a receiver on the application of the appellee and direct him to take the property from the possession of the appellant and administer it as directed by the court.

#### 9.—Receivership—Harsh Remedy.

A receivership is always a harsh and expensive proceeding, and when the rights of the applicant therefor can be fully protected in some other way, a receiver should not be appointed.

ON REHEARING.

#### 10.—Separate Property—Increase—Charge.

In a suit for divorce by the wife against the husband and for partition of property, the defendant claimed some of the property as his separate estate because bought during the marriage with the proceeds of the sale of property owned by him at the time of marriage, such property selling for much more than the price originally paid for it; the court charged the jury that the separate property of the husband would consist of property "paid for by him out of his separate means acquired by him prior to his marriage." Held, subject to the construction that property bought with the proceeds of the sale made after his marriage of property owned by him before marriage should not be regarded as property "paid for out of his separate means acquired prior to his marriage," and a charge requested by the husband to the effect that property purchased with such proceeds would be the separate property of the husband, should have been given.

Appeal from the District Court of Harris County. Tried below before Hon. W. B. Hamblen.

*Rowe, Lewis, Boyd & Norton* and *Woods & Graham,* for appellant.

*Brockman, Kahn & Williams,* for appellee.

PLEASANTS, CHIEF JUSTICE.—This is a suit for divorce from the bonds of matrimony and for partition of the community property of the plaintiff and the defendant, brought by the appellee against the appellant.

It is unnecessary in. this opinion to show the contents of the pleadings further than to state that, after alleging sufficient grounds for divorce, plaintiff's petition describes a number of lots in the city of Houston which are alleged to be community property of plaintiff and defendant, and, in addition to a prayer for divorce, prays that she be adjudged the owner of one-half of said property, and that same be ordered partitioned between herself and defendant.

The defendant answered the suit for divorce by general and special exceptions and general denial, and as to the ownership of the property described in the petition, admitted that a portion thereof was community, but claimed that certain of said lots, which he described in his answer, were purchased with his separate funds, and were therefore his separate property. The property claimed by defendant as separate is described as blocks 6 and 7 in Columbia Addition to the city of Houston, with improvements thereon, and an undivided two-fifths interest in 3.92 acres of the H. Tierwester survey in Harris County, conveyed to defendant by Joseph Nalle. He further claimed that plaintiff should be charged with the sum of $1,590 paid her by defendant as alimony pending the trial of the cause, and the further sum of $410 community funds taken by her at the time she left the defendant.

The trial in the court below resulted in a verdict and judgment in favor of plaintiff for a divorce and for one-half of all the property claimed by her to be community property, except the 3.92 acres of the H. Tierwester survey, in which the jury found that defendant had a separate interest of $555. Defendant was allowed no credit, nor was plaintiff charged with any portion of the money paid her by defendant as alimony or of that taken by her when she separated from defendant.

Pending the hearing of the cause, the trial judge, on a hearing on the application of plaintiff, without answer or appearance by the defendant, allowed her alimony in the sum of $75 per month, and ordered defendant to pay her said amount monthly until final judgment was rendered in the cause. At the time the final judgment was rendered in the court below several installments of the alimony theretofore ordered paid to plaintiff had not been paid, and none has been since paid by the defendant.

After defendant's appeal from the final judgment in the court below had been perfected by the filing of a supersedeas bond, plaintiff, by a motion filed in the original suit, applied to the district judge for a mandamus directing the district clerk to issue an execution against defendant for all of the unpaid alimony due plaintiff under the original order for alimony before mentioned, including the installments thereof which had accrued subsequent to rendition of the final judgment in the court below. This application was granted and the execu-

tion ordered. Defendant gave notice of appeal from this order, and in due time filed a supersedeas bond on such appeal.

Subsequently plaintiff filed in said original suit an application for the appointment of a receiver to take charge of all of the community property of plaintiff and defendant, and out of the revenues therefrom to pay plaintiff all of the alimony due under the previous order of the court, and such as would become due under said order pending the final termination of the original suit. This application was granted and the receiver appointed, with the powers and duties defined in said application. Defendant appealed from this order. On motion filed in this court these last two appeals were consolidated with the appeal in the original suit, and all of them were submitted together. This opinion disposes of the questions presented on each of said appeals.

Appellant has abandoned his appeal from the judgment granting the divorce, and that portion of the judgment of the court below must be affirmed.

Under appropriate assignments of error, that portion of the judgment which settles the property rights of the parties is assailed upon the following grounds:

First. Because the court erred in refusing to submit to the jury the issue of whether the property described as blocks 6 and 7 in Columbia Addition to the city of Houston was purchased with separate funds of the defendant, and in charging the jury that said property was community property of plaintiff and defendant.

Second. Because the court erred in refusing to permit defendant to show the amount of alimony paid by him to the plaintiff, and in failing to take any account of same in the partition of the community property.

Third. Because the court erred in refusing to charge plaintiff with one-half of the money taken by her from the community funds when she separated from defendant.

We think each of these objections to the judgment adjudging the property rights of the parties is valid.

Upon the issue of whether blocks 6 and 7 above described were purchased with the separate funds of the defendant, he testified as follows: "I came to Houston in the fall of 1893, and when I came here I had some of the money I have testified about having. When I first came here to Houston, I hadn't broke up there at Rockdale, and I brought some money here—four or five thousand dollars. I say, when I first came here, before I had sold out there in Rockdale—before I sacrificed anything up there at all—I brought about $5,000—$4,000 or $5,000, in the neighborhood—with me, and bought a block of land known as No. 7, and commenced building on it; I got that land from Mr. H. F. McGregor." (Witness here introduced deed from H. F. McGregor to I. Williams for this lot, showing a consideration for said lot of $1,000.) "I had had the money, out of which I took this thousand dollars to buy the property with just mentioned, in an iron safe up there in Rockdale, and it was money I had worked for and saved before I married the plaintiff. After I bought the property, the deed for which has just been put in evidence, I commenced to build houses on it, but did not invest in any more houses right away; before I w-nt

into any kind of business—earned any money here in Houston—I built six houses right in succession on that block I had bought from Mr. McGregor. I do not know what the value of those houses is now; they are not very good now, but think they are worth approximately a hundred dollars apiece. I had some of these houses built, and some of them I built myself. I think I know about what the value of such houses are; they were built in the years 1893 and 1894, and those six houses are worth about $600. The next thing I did after that, here in Houston, was to buy block No. 6. The $600 with which I built those houses was a part of the $5,000 which I had brought with me to Houston, and was money I had prior to the year 1883, and prior to the time of my marriage with the plaintiff in this case. As I was going to say a while ago, when you cut me off, the next thing I bought here in Houston was block No. 6; that was also bought from H. F. McGregor." (Deed from McGregor to Isaac Williams was here put in evidence.) "I paid $900 for the property, the deed for which you have just put in evidence, and the $900 was a part of the $5,000 I brought with me. I had not, up to that time, made a dime in Houston—had done nothing but spend money. After I bought the lot last named I built the store house on it. I do not know what that store house is worth today. I stated that I built a number of houses, but as to giving the value of the store house now—you see it is not now a new building—think that $500 would, however, be a reasonable value to be placed on the store house as it is today."

After describing other improvements made by him on said block 6, among which were several rent houses which cost $900, he further testified:

"I paid for the building of those houses out of money that I drew out of the First National Bank at Rockdale and brought down here—money that I had worked for and gambled for—and which I had prior to my marriage with the plaintiff; money that I had earned between 1875 and 1883. My allegations there, that I have received so much from the sale of two horses, and cows, and calves, are correct, and the money I brought here was a part of that I received from those sales, or, in other words, it was a part of the $5,000 I brought with me to Houston when I came here."

This testimony raises the issue of whether the property described was purchased with the separate funds of defendant, notwithstanding the fact that the defendant's statement as to how he made all this money prior to his marriage may seem improbable, and the further fact that the jury may have been justified in finding, under all the evidence, that if he had the amount of money he claimed before his marriage he had not kept it until he made the purchase of the property in question, but that it had been expended by him or had become so intermingled with community funds as to have lost its separate character. The trial judge should not have taken the issue from the jury, but under proper instructions should have allowed the jury, under all the evidence, to determine whether the property in question was purchased in whole or in part with the separate funds of the defendant, and if in part, what amount of the purchase money was his separate funds.

In the case of Stone v. Stone, 40 S. W., 1022, it is held by the Court of Appeals for the Third District that, in the partition of community property in a divorce proceeding, the community estate should be charged with the alimony received by the wife during the pendency of the suit. We think this holding is sound. Article 2986, Sayles' Civil Statutes, is as follows: "If the wife, whether complainant or defendant, has not a sufficient income for her maintenance during the pendency of the suit for divorce, the judge may, either in term time or in vacation, after due notice, allow her a sum for her support, in proportion to the means of the husband, until a final decree shall be made in the case."

The rule authorizing the allowance of alimony pending the trial of a suit for divorce in cases in which the wife has no separate income, is based upon the duty of the husband to support his wife so long as the legal status of husband and wife exists between the parties, and upon the helplessness of the wife who has no separate income and no control of the community estate or the revenues thereof. If there be no community estate, the husband is properly required to maintain the wife out of his separate estate pending the suit for divorce; but if there be community estate, the revenues therefrom should be charged with the burdens, and the amount so paid by the husband should be taken into account in the division of the community property when the divorce is granted. The husband is entitled to no compensation for the care and management of the community property, and must account for all the rents and revenues arising therefrom, and it is entirely equitable that the wife's interest in such revenues should be charged with the amount paid by him for her support and maintenance pending the divorce proceedings. But if the amount paid as alimony exceeds the wife's one-half of the rents and revenues of the community estate, this should be paid by the husband, and should not be made a special charge upon the wife's half of the corpus of the community estate. The trial judge seems to have recognized this rule, and in refusing to permit defendant to prove the amount paid by him as alimony stated that, if the divorce was granted, the "question of alimony would be taken into the partition." We presume from this statement that the judge meant that, in the judgment passing upon the report of commissioners of partition, this matter of accounting for the amount paid as alimony would be adjusted. The question as to what amount had been paid by defendant was put in issue by the pleadings and evidence, and defendant should have been permitted to introduce evidence upon such issue and submit same to the jury, and the amount found by the jury should have been adjudged a charge upon the wife's interest in the community estate to the extent before indicated.

It seems clear that the plaintiff should have been charged with one-half the community funds taken by her when she separated from her husband. If she had taken the other community property she would certainly be required to account in the partition of the estate for the husband's half of the property so taken, and there can be no reason for not requiring her to account for his half of the funds taken by her, just as he would be held to account for any funds of the community in his possession at the time of the separation.

This disposes of all the material questions presented by the appeal from the judgment in the original suit, and, for the reasons stated, that judgment, in so far as it determined the property rights of the parties, is reversed, and the cause remanded for a new trial.

The order of the district judge directing the issuance of an execution to enforce the collection of the unpaid alimony is not a final judgment, as that term is used in article 1383 of Sayles' Civil Statutes, giving the right of appeal. No appeal being authorized by the statute from an order of this kind, this court has no jurisdiction to entertain such appeal, and it is therefore dismissed.

The same reason for allowing alimony pending the final determination of a divorce proceeding exists after a judgment of the District Court from which an appeal has been taken as before the rendition of such judgment. The wife's helplessness and necessities are just as apparent pending the appeal as pending the trial in the District Court, and we can not think that the statute before quoted should be construed as denying the right of alimony pending an appeal. The term "final decree," as used in that article of the statute, can not mean a decree of the District Court from which an appeal has been perfected by supersedeas, for in such case the decree is not final nor effective until affirmed by the appellate court. There can be no sound reason for holding that in such case no alimony can be collected pending the appeal.

No appeal can be taken from the order granting alimony, and an appeal from the judgment granting or refusing the divorce does not suspend the operation of the order for alimony, nor the power of the district judge to enforce its payment. We do not think, however, that the power of the district judge to enforce this order can be exercised by the appointment of a receiver under the circumstances of this case.

The filing by defendant of a supersedeas bond on appeal put the property as well as the cause of action involved under the jurisdiction of this court, and it was not within the power of the district judge, after such appeal had been perfected, to interfere in any way with the status of the subject matter of the suit.

By giving the supersedeas bond defendant became responsible for the plaintiff's interest in the property and in the rents and revenues thereof, and was entitled to its possession and control pending the appeal. It follows that the court had not authority upon the application of plaintiff, after the appeal had been perfected, to appoint a receiver and direct him to take the property from the possession of the defendant and administer it as directed by the order of the court. Waters-Pierce Oil Co. v. State, 47 Texas Civ. App., 162 (103 S. W., 842).

If we should be mistaken in this holding, the order appointing a receiver can not be sustained, as no sufficient necessity was shown therefor. A receivership is always a harsh and expensive proceeding, and when the rights of the applicant therefor can be fully protected in some other way a receiver should not be appointed.

From these conclusions it follows that the order appointing the receiver should be reversed and the receivership vacated, and it has been so ordered.

## ON MOTION FOR REHEARING.

Upon the trial of this cause in the court below appellant requested the court to give the jury the following instructions:

"You are instructed that all property purchased during marriage with the separate funds of either spouse remains such separate funds, and that any increase thereof remains the separate estate of such spouse. . . .

"You are charged that if you believe from the evidence that the $660 paid by Ike Williams for the piece of property known as the Lone Star Saloon, in Rockdale, Texas, was paid by him out of his separate estate, as that term has been hereinbefore defined to you, and that thereafter he sold and received for said property the sum of $1,730, then you are charged that the difference between said $660 and $1,730 became the separate means of the said defendant, and that likewise any investment of said sum in property would become separate property."

The refusal to give these instructions is complained of by proper assignment of error. The proposition presented under the assignment (pages 35 and 36) is as follows:

"The property set forth in these assignments of error, having been purchased with the separate funds of the defendant, even though during marriage, became his separate property, and when the same was sold the original purchase money paid, as well as all profits derived from the sale, was likewise his separate estate, and any investment thereof would likewise remain separate property."

This proposition contains a correct rule of law, and if the facts in evidence were as stated in the proposition the rule stated should be applied. We do not understand that the learned trial judge questioned this rule of law, but in his view of the evidence the application of the rule was not invoked.

The charge given by the court submitting the issue of the separate interest of the defendant in the property restricts such interest to property "paid for by him out of his separate means acquired by him prior to his marriage with plaintiff." Under this charge the jury might have concluded that property bought with the proceeds of the sale made after his marriage with the plaintiff of property owned by him before his marriage should not be regarded as property "paid for out of his separate means acquired prior to his marriage."

There was evidence tending to show that some of the property in controversy was purchased with the proceeds of a sale by plaintiff and defendant of property owned by him prior to his marriage or purchased by him with funds acquired before his marriage, and the jury should have been instructed that property purchased with such proceeds would be the separate property of the defendant.

The assignments before mentioned were not discussed in our former opinion, and in view of another trial we think it proper to supplement that opinion with what is above said.

We see no reason for changing the conclusions expressed in our former opinion, and the motion for rehearing is overruled.

### SUPPLEMENTAL OPINION.

As shown by our original opinion heretofore filed in this cause, the assignments of error upon which the judgment of the court fixing the respective interests of the parties in the real property described in the petition was reversed and the cause remanded, relate solely to questions affecting the right of appellant to recover the several parcels of land described in his petition which are claimed by him to be his separate property and which the trial court instructed the jury to find to be the community property of appellant and appellee. No assignment is presented by appellant or the appellee attacking the verdict and judgment as to any of the property in controversy except blocks 6 and 7 in Columbia Addition to the city of Houston, and in reversing the judgment of the court below it was our intention to reverse it only in so far as it disposed of appellant's separate claim to the blocks above described, his claim for one-half of the money taken by appellee when she separated from him, and his claim to have the money paid by him as alimony charged to appellee's interest in the rents and revenues of the community property. In all other respects the judgment of the court below is undisturbed.

The order reversing the judgment will be corrected and made to conform with our decision as above indicated.

*Affirmed in part and reversed and remanded in part.*

Application for writ of error dismissed.