## EX PARTE BERNHARD LOHMULLER.

### No. 2161.  Decided June 22, 1910.

**1.—Divorce—Judgment—Alimony Pending Appeal—Jurisdiction.**

Under the power given the judge to allow alimony to the wife pending a suit for divorce (Rev. Stats., art. 2986) after a final judgment of divorce in which no decree as to alimony had been rendered, but from which an appeal by the wife was being prosecuted, the District Judge could, at a subsequent term, make an order for the payment of alimony by the husband pending appeal and could enforce the same by commitment for contempt on noncompliance.  (Pp. 475, 476.)

**2.—Jurisdiction—Trial Court—Judgment—Appeal.**

The trial court, which has rendered a final judgment, has still power, pending an appeal therefrom, to take action authorized by law for the protection of persons and property in the control of the court, not inconsistent with the integrity of the judgment rendered.  This jurisdiction is not inconsistent with the existence of a similar power under some circumstances in the court before which the appeal is pending.  (Pp. 476, 477.)

Original application to the Supreme Court by Lohmuller, for a writ of habeas corpus, against B. D. Lindsay, Sheriff of Bexar County, by whom relator was held in custody under a commitment for contempt by the District Court.

*David J. Powell,* for relator, cited:  Curtiss v. Bernstein, 2 App. Civ. Cases, 672; Bundick v. State, 127 S. W., 543; Blum v. Wettermark, 58 Texas, 125; Garza v. Baker, 58 Texas, 483; Grubbs v. Blum, 62 Texas, 426; Churchill v. Martin, 65 Texas, 367.

*W. Aubry,* for respondent.—Under the Constitution of 1876 and the amendments thereto adopted in 1897, the jurisdiction of the Court of Civil Appeals is exclusively appellate, hence it can entertain no motion and ascertain no facts save those that are necessary for proper exercise of its said appellate jurisdiction.  Constitution, Article V, section 6, as amended in 1891; 1 Batts, Chapter XIII notes, art. 2965, page 489; Rev. Stats., 1895, art. 996, 998.

The better and general rule appears to be that the trial court has jurisdiction after an appeal has been perfected to make an order ·for alimony, particularly where the issue of alimony was not made in the pleadings upon which the original decree of the court was found. Reilly v. Reilly, 60 Cal., 624; Hunter v. Hunter, 100 Ill., 477; Kessler v. Kessler, 39 Ind., 153; State v. St. Louis Court of Appeals, 99 Mo., 216; Ross v. Griffin, 53 Mich., 5; McBride v. McBride, 119 N. Y., 519; Gay v. Gay, 79 Pac., 885; 1 A. & E. Ency. Pl. & Pr., 449.

The theory of the cases cited seems to be, largely, that all enquiry is foreclosed as to the issues involved in the pleadings up to the date of the entry of the decree, and that proceedings subsequent thereto remain within the jurisdiction of the trial court.  Mitchell v. Rowland, 95 Iowa, 314; 2 A. & E. Ency. Pl. & Pr., 328, 330; 2 Cyc., 978-9.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

Relator ·seeks to be discharged from the custody of the sheriff of

Bexar County, in which he is held under a commitment from the District Court of the 37th District for contempt of court, consisting in his refusal to obey an order entered in a divorce suit requiring him to pay weekly a sum of money to his wife as alimony. The suit for divorce was brought by him against his wife and resulted in a judgment granting his prayer, from which the defendant, Mrs. Lohmuller, appealed, after which the term of court was finally ended by adjournment. A few days afterwards, but at the next term, Mrs. Lohmuller applied to the court for an allowance of alimony to be paid pending the appeal, and after hearing, the order was made for refusal to obey which the relator was afterwards adjudged guilty of contempt and committed. No question is raised as to the sufficiency of the proceedings, except the contention that the court had no power, after having entered the final judgment in the divorce suit and adjourned for the term, to make the further order complained of. Nothing was said concerning alimony in the pleadings or the judgment in the suit. The explanation of the omission, given at the hearing of the subsequent application for alimony, was that relator had made provision for the support of his wife and children up to the time of the trial and judgment and, in his testimony at the trial of the cause, expressed his willingness that the children should remain in her custody as well as his intention to continue to make such provision thereafter; but that after the court had rendered judgment granting the divorce to him and the custody of the children to the wife and after she had taken the appeal, he discontinued all contribution to their support.

The rule that judgments, after the expiration of the terms at which they are rendered, pass beyond the power of the court to set aside or alter them is well settled. Whatever they adjudicate remains adjudicated, and the court, although it may afterwards correct certain kinds of mistakes in the entries, or grant equitable relief against them, can not, in general, change their effect as adjudications. But this principle does not necessarily determine what other things the court may lawfully do in a cause after final judgment, since final judgment, while it generally exhausts the jurisdiction of the court over the subject matter and the parties, does not always and necessarily put an end to the power to make other orders not inconsistent with the adjudication. The jurisdiction some times remains to take action authorized by law in the cause for the protection of persons or property in the control of the court, the necessity for which may arise after the judgment has been pronounced, and the proper exercise of which may be entirely consistent with the integrity of the final judgment and, therefore, not affected by the rule of law on which relator relies.

The statute concerning divorces empowers "the judge," either in term time or vacation, to allow a wife who has not sufficient income for her maintenance, "during the pendency of the suit for divorce" a sum for her support, "until a final decree shall be made in the case." (Rev. Stat., art. 2986.) This is a power incidental to the jurisdiction over the suit for divorce, in the exercise of which it becomes the duty of the court to see to the proper support and maintenance of the wife until it can be determined in the course of the proceeding whether or not she is to remain a wife. The full accomplishment

of the purpose for which the power is granted requires that it last as long as the occasion for its exercise shall last, that is, "during the pendency of the suit," and hence the "final decree" that is to put an end to the power is that "made in the case"—not necessarily that made by the district judge or the District Court. The decree of the trial court granting or denying the divorce may be the final decree of that court but it is not the final decree "made in the case" when an appeal is taken to another tribunal. So long as the appeal is pending the suit is pending, and the occasion specified in the statute for the allowance of alimony continues, and it does not end until that decree is pronounced which puts an end to the case.

The nature of the power is such as to make it incompatible with the notion that it can no longer be exercised after the District Court has rendered a judgment for divorce and has adjourned, although an appeal has been taken. The facts remain that the case is still pending, that no final decree has been made in it, and that the wife is still in need of the provision as fully as she was before the judgment; and these are all the facts which the statute requires to make it the duty of "the judge" to exercise the power.

We do not mean to hold that the statute giving the power would justify the disregard of anything adjudicated by the decree of divorce. Nothing of the sort was done here. The action of the district judge was based upon conditions that did not exist and therefore were not and could not have been passed on when the judgment was rendered, but have arisen since. Hence we conclude that the principle which forbids a court to change its judgment after the expiration of the term at which it was rendered has no application.

There is another principle, however, to be considered before the question of the validity of the order in question can be determined, which is that an appeal properly perfected puts the cause under the power of the appellate court, which for most purposes supersedes that of the court *a quo*. This rule, too, has its limitations. For conditions sometimes exist in which for the protection of the rights or interests of the litigants or the preservation of property connected with the litigation, it becomes necessary for the trial court, even after appeal, to make provisional or conservatory orders which in no wise interfere with or limit the appeal, but are intended rather to aid and make it effectual. It is unnecessary to give other instances of this besides that furnished by the statute already discussed. If we are not mistaken in our views, the order it provides for is, or may be, and the order in question certainly is, of that nature. Certainly if the right exists to alimony pending appeal it must be enforced by an order of some judge or court, and the only judge or court referred to in the statute is the district judge and the District Court. It is unnecessary that we go to the extent of holding that under no circumstances could the Court of Civil Appeals allow alimony pending appeal. See City of Laredo v. Martin, 52 Texas, 548; Waters-Pierce Oil Co. v. State, 106 S. W., 327; Gulf, C. & S. F. Ry. Co. v. Ft. Worth & N. O. Ry. Co., 68 Texas, 103. That proposition is not at all essential to the holding that the District Court has the power; and we are satisfied that, in all ordinary cases, that court is the one that should be called

upon to act. To it parties can have ready access and easily procure evidence the production of which before an appellate court would often be both inconvenient and costly.

The views we have adopted are well sustained by many authorities. Those cited by counsel in support of the action of the District Court and which fairly sustain it are: Railly v. Railly, 60 Cal., 624; Hunter v. Hunter, 100 Ill., 477; Kessler v. Kessler, 39 Ind., 153; State v. St. Louis Court of Appeals, 99 Mo., 216; Ross v. Griffin, 53 Mich., 5; McBride v. McBride, 119 N. Y., 519. Others are cited in 2 Bishop on Marriage and Divorce, sections 956-7.

The decision mainly relied on by counsel for relator is Bassett v. Bassett, 99 Wis., 344. In that case the judgment for divorce was granted in 1889 with no provision for alimony. That ended the case, there having been no appeal, and under a statute like ours no subsequent allowance could probably have been made since the case was at an end. Pope v. Pope, 35 S. W., 480; 2 Bishop on Marr. & Div., sec. 857. The Wisconsin statute, however, permitted final judgments which *allowed alimony* to be opened up and changed by subsequent proceedings, which power was invoked in 1897 in the case referred to. The holding was that such statute did not authorize the disturbance of a judgment which had allowed no alimony, which does not conflict with anything we have said.

Ex parte Ellis differed from this in three important particulars: (1) The money was allowed for the support of the child and not the wife; (2) it was ordered to be paid after the termination of the suit without appeal; (3) the order adjudging the party guilty of contempt was entered in vacation. It is not in point.

The conclusion that the District Court acted within its powers requires that the applicant be remanded to the custody of the sheriff of Bexar County. Ex parte Davis, 101 Texas, 607.

*Relator remanded.*

(Mandate to issue at once.)