BEELER v. BEELER.   (No. 1054.)

(Court of Civil Appeals of Texas.   El Paso.
Jan. 29, 1920.)

1. DIVORCE ⚖═145—TRIAL AND JUDGMENT ON
SECOND DAY AFTER FILING OF SUIT PREMA-
TURE.

Under Vernon's Sayles' Ann. Civ. St. 1914,
art. 4632, providing suit for divorce shall not be
heard or divorce granted before expiration of 30
days from filing, it was improper to hear the
suit and grant divorce on the second day after
filing; the statute being mandatory.

2. DIVORCE ⚖═182—GRANT OF ALIMONY MAY
BE CONTINUED IN FORCE PENDING APPEAL.

Under Vernon's Sayles' Ann. Civ. St. 1914,
art. 4640, where the facts justify granting of
alimony, an order, making the grant to the wife
pending appeal, may be made to continue in
force until termination of the appeal, which does
not prevent granting of alimony, but the order
continues and terminates with the final decree
on appeal, and order for alimony until further
order is objectionable.

3. DIVORCE ⚖═263 — ALIMONY NOT "DEBT"
COLLECTIBLE ON EXECUTION BUT ENFORCE-
ABLE BY CONTEMPT PROCEEDINGS.

Alimony is not in the nature of a "debt"
for the collection of which execution may issue;
order for its payment being enforceable by con-
tempt proceedings.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Debt.]

4. DIVORCE ⚖═216—ORDER FOR ALIMONY OB-
JECTIONABLE AS POSSIBLY DESTROYING FI-
NALITY OF DECREE.

Order in a wife's divorce suit that she have
judgment against defendant for attorneys fees
and $25 a month alimony to be paid monthly
by defendant husband until further ordered by
the court, also directing execution to issue,
held objectionable in form as possibly destroying
the finality of the decree.

Appeal from District Court, Freestone
County; A. M. Blackmon, Judge.

Suit for divorce by Bettie Beeler against
Charles Beeler. From judgment for plain-
tiff, defendant appeals. Reversed and re-
manded.

A. B. Geppert, of Teague, for appellant.
Boyd & Bell, of Teague, for appellee.

WALTHALL, J. This is a suit for a di-
vorce from the bonds of matrimony filed by
the wife, Bettie Beeler, against her hus-
band, Charles Beeler.

[1] The petition was filed on the 10th day
of April, 1919. Charles Beeler filed his an-
swer on the same day the petition was filed.
The cause was heard, and judgment entered
on the 12th day of April, 1919. Article
4632, Vernon's Sayles' Civil Statutes, pro-
vides that no suit for divorce from the bonds
of matrimony shall be maintained in the
courts of this state unless the petitioner for
such divorce shall, at the time of exhibiting
his or her petition, be an actual bona fide
inhabitant of this state for a period of 12
months, and shall have resided in the coun-
ty where the suit is filed 6 months next pre-
ceding the filing of the suit. The petition
does not state the jurisdictional fact of the
12 months residence in this state. The same
article of the statute further provides that
such suit shall not be heard or divorce
granted before the expiration of 30 days aft-
er the suit is filed. Here the suit was heard
and divorce granted on the second day aft-
er the suit was filed. This was in direct
violation of the provision of the statute.
The statutory provision is mandatory, and
compliance with its terms cannot be waived
or dispensed with. Haymond v. Haymond,
74 Tex. 414, 12 S. W. 90; Brashear v. Bra-
shear, 99 S. W. 568. There are other pro-
visions of the same article of our statute,
above referred to, to which we call the at-
tention of the trial court in entering the
decree.

[2, 3] Appellant complains of the follow-
ing order of the court as to the alimony in-
corporated in and made a part of the de-
cree of the court in granting the divorce:

"It is further considered and adjudged by the
court that the plaintiff, Bettie Beeler, also have
judgment against defendant, Charles Beeler, for
the sum of fifty dollars for attorney's fees, and
the further sum of $25.00 per month as alimony,
same to be paid monthly by defendant, Charles
Beeler, until further ordered by the court, for all
of which let execution issue."

In view of another trial, we think it well
to say that the order granted is objectiona-
ble. Article 4640, Vernon's Sayles' Civil
Statutes, provides that the judge may, ei-
ther in term time or in vacation, allow the
wife a sum for her support until a final de-
cree shall be made in the case. In Pape v.
Pape, 13 Tex. Civ. App. 99, 35 S. W. 479, it
is said that in the absence of direct statu-
tory authority, a decree for alimony, pen-
dente lite, cannot be appended to a decree
dissolving a marriage. There can be no ques-
tion but that, where the facts justify the
granting of alimony, an order granting ali-
mony pending an appeal may be made, to
continue in force until the termination of
the appeal. Williams v. Williams, 60 Tex.
Civ. App. 179, 125 S. W. 937, 1199; Ex
parte Lohmuller, 103 Tex. 474, 129 S. W.
834, 29 L. R. A. (N. S.) 303. In the last-
cited case the Supreme Court makes it
quite clear that so long as the appeal is
pending the suit is pending, and the occa-
sion specified in the statute for the allow-
ance of alimony continues, and it does not
end until that decree is pronounced which
puts an end to the case. The court further

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

said that the jurisdiction sometimes remains in the trial court to take action authorized by law in the case for the protection of persons and property in the control of the court, the necessity for which may arise after the judgment has been pronounced. As we understand the holding, an appeal does not prevent the granting of alimony pending the appeal, but the order of alimony continues and terminates with the final decree on appeal. Again, alimony is not in the nature of a debt for the collection of which an execution may issue. The order is enforced by contempt proceedings. Ex parte Davis, 101 Tex. 607, 111 S. W. 394, 17 L. R. A. (N. S.) 1140.

[4] The order is objectionable also as to form, as possibly it would destroy the finality of the decree. Gaffey v. Criteser et ux., 195 S. W. 1166.

For reasons stated, the judgment is reversed and remanded.

