## HUGHES v. HUGHES.  (No. 2246.)*

(Court of Civil Appeals of Texas. Amarillo. Jan. 23, 1924. Rehearing Denied Feb. 27, 1924.)

1. **Divorce 249(3)—No distinction between community and separate property in disposition of revenues and use.**

There is no distinction between community and separate property in the disposition of the revenues and use thereof as between parties to a divorce suit or their children.

2. **Appeal and error 544(1)—Questions presenting fact issues not considered in absence of statement of facts.**

In the absence of a statement of facts, the appellate court cannot find on questions presenting issues of fact.

3. **Divorce 252—Statutory requirement as to division of property construed.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 4634, does not require equality of division of the estate of parties to a divorce suit, but only such division of all their property, whether community or separate, as seems just and right to the court.

4. **Divorce 252—Requirement that husband pay community debts held not error.**

The court, in the exercise of his discretion under Vernon's Sayles' Ann. Civ. St. 1914, art. 4634, in dividing the property of parties to a divorce suit, held not to have erred in requiring that the husband pay the community debts.

5. **Divorce 249(1) — Disposition of rents and revenues of parties' estate is for court's conscience.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4634, as well as in the exercise of the district court's general equity powers, where the statute is silent, disposition of the use of the rents and revenues of the estate of parties to a divorce suit rests in the conscience of the court, having due regard to the rights of each party and their children.

6. **Divorce 308, 311 — Creation of trust in property awarded husband for support and maintenance of minor children held not error; contempt proceedings do not lie for nonpayment by husband.**

In a divorce suit, creation of a trust, with the husband as trustee, in land awarded him, for the support and maintenance of minor children, whose custody was awarded to the wife, held not error, though he was required to pay a fixed sum annually from the rents and revenues, and no time for termination of the trust was designated, as any inequality or hardships in the working of the judgment can be corrected by modification or amendment, and the court would be powerless to enforce its decree by contempt proceedings against the husband.

7. **Divorce 182, 197, 252—Allowance of attorney's fees in action and alimony pending appeal held proper; wife charged on final division with alimony pending appeal.**

Allowance of attorney's fees, in divorce action, and allowance of alimony pending appeal, to a wife granted a divorce for extreme cruelty, held proper; she being chargeable, however, with alimony received in the final adjustment of matters between the parties.

Appeal from District Court, Deaf Smith County; Reese Tatum, Judge.

Suit by Gracie M. Hughes against Louis L. Hughes. Judgment for plaintiff, and defendant appeals. Affirmed.

F. T. Roloson and Carl Gilliland, both of Hereford, for appellant. Wm. Knight and W. H. Russell, both of Hereford (Underwood, Jackson & Johnson, of Amarillo, of counsel), for appellee.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 30, 1924.

RANDOLPH, J. This was a suit for divorce, for the custody of the children of the marriage sought to be dissolved, and for the partition of the property between plaintiff and defendant. The trial court having granted Mrs. Hughes, who was the plaintiff in the suit, a divorce, the custody of the children, and having awarded her certain of the property which will later be described, and made certain other awards, defendant appeals from that judgment. On his appearance here he dismisses his appeal as to the divorce and the custody of the children, but presses the appeal upon the question of the trial court's partition of the property and of certain other awards with reference to the income and debts.

[1] The trial court found that section No. 82, in Hansford county, Tex., was the separate property of the husband, but included it in the judgment by impressing upon it the trust for the benefit of the children. There is no distinction between community and separate property in the disposition of the revenues from same and the use of same as between the parties to the suit or their children. Hedtke v. Hedtke, 112 Tex. 404, 248 S. W. 21.

The trial court found that the community between the plaintiff and defendant owned the following property, to wit, 2,400 acres of land situated in Hansford county, valued at $25,000; one lot in the town of Hereford, Deaf Smith county, valued at $2,800; personal property consisting of one-half interest in thresher, two horses, two mules, etc., improvements on section 82, and household and kitchen furniture valued at $5,865; notes and bills, receivable. $2,075; cash on hand $190. All items of personal property and real estate aggregating in value $34,265. The court awarded plaintiff the following property: The house and lot in Hereford, 1 cow, household and kitchen furniture, valued at $3,400; 480 acres of land out of section 77, valued at $9,600, aggregating $13,000.

The following property was awarded to defendant: Section 79, 640 acres, valued at $9,600, but which was incumbered with a vendor's lien amounting to $8,000, leaving the equity in said section of the value of $1,600. Sections 95 and 96, containing 1,280. acres incumbered with debt due school fund of about $1,400, the equity in which was valued at $5,000; all of the improvements or section 82, valued at $2,000; interest in threshing machine outfit, farming tools, implements, machinery, mules, horses, wagon and harness, one cow, feed and grain on hand of the value of $1,000, bills receivable, including notes and demands held by the defendant, valued at $2,075, and cash on hand $190.

The court further ordered that the debt of $8,000 which is secured by lien on section 79 and a part of section 82 be charged solely to the defendant, and it was provided that he discharge the same without contribution from the plaintiff, as was also done with the debt of $1,400 owed the state of Texas on section 96. The court also further ordered that the delinquent taxes due and owing on any property of the estate should be discharged by defendant, and further provided that a trust estate be created and established on and against sections 82, 95, and 96, owned by and awarded to defendant (and against the rents and revenues to be derived therefrom) for the use and benefit, support and maintenance of the minor children, and that payment of same be made out of such rent and revenues; and further ordered the appointment of defendant as trustee to manage and control such property for the purposes of such trust, and to pay the plaintiff the sum of $400 per annum out of such rents and revenues so derived for the support, maintenance, and education of the minor children, reserving the right to appoint another trustee should the defendant not comply with the requirements of such judgment, and also reserved the right to modify or change any of the provisions of such decree; also rendering judgment against defendant for $500 attorney's fees, and providing in the event the defendant appealed from said judgment that he pay $100 per month as alimony pending such appeal.

It will be seen from the above that the property awarded to plaintiff amounted to $13,000 in value, and that awarded the defendant amounted to $21,265 in value, less debts aggregating $9,400, and unascertained delinquent taxes.

[2] The trial court found that the allegations of the petition were true, and found for plaintiff. No statement of facts has been brought up with this record, and we are therefore precluded from finding upon any question where an issue of fact is presented.

The plaintiff, during her marriage to defendant, had borne him ten children, six of whom are minor. The trial court might well have concluded from the evidence, the allegations of the petition having been proved, that it was necessary to tie the hands of defendant and place him where he would be compelled to obey the mandate of the court before he would carry out that mandate.

It is provided in article 4634, Vernon's Sayles' Ann. Civ. St. 1914, that the district court, in decreeing a divorce between husband and wife, should order a division of the estate of the parties in such way as to the court shall seem just and right, having due regard to the rights of each party and their children, if any, but is without power to divest the parties of the title to real estate.

The appellant (defendant) is here complaining of the trial court's judgment, and raises, among other propositions of error, the following: (1) The trial court should divide

the community property equally between the husband and wife; (2) it was error for that court to require the husband to pay delinquent taxes and other debts on all the community estate; (3) it was error for the court to establish a trust upon land awarded to him for the use and benefit, support, and maintenance of the minor children awarded to his wife; especially was this error because no period of time, no conditions, or contingencies were provided for, and because the trial court was without power to provide a fixed sum for the support and maintenance of the minors as a charge against the defendant's estate; (4) it was error for the court to give the wife judgment for $500 attorney's fees; and (5) it was error for the court to allow $100 per month alimony pending appeal.

[3] 1. The statute does not require equality of division between husband and wife on the granting of a divorce, but such division shall be made in such a way as to the court may seem just and right; and this division is of all property of the parties, whether community or separate. Hedtke v. Hedtke, supra.

[4] 2. It was not error for the court, in exercising his discretion in dividing the property, to require the husband to pay the debts of the community. Hubbard v. Hubbard (Tex. Civ. App.) 38 S. W. 388.

3. The question presented in the charge that the trial court erred in establishing a trust, with the husband as trustee, upon the land awarded to him in the division of the property, for the benefit, use, support, and maintenance of the minor children, whose custody had been placed with the wife, and in fixing a specific sum to be paid by the husband out of the rents and revenues of such property, for the support and maintenance of the children, is a very serious and difficult one, and one upon which the decisions of several Courts of Civil Appeals are at variance with our conclusion.

The San Antonio court, in the cases of Defee v. Defee (Tex. Civ. App.) 51 S. W. 274, Ligon v. Ligon, 39 Tex. Civ. App. 392, 87 S. W. 838, Pape v. Pape, 13 Tex. Civ. App. 99, 35 S. W. 480, and the Fort Worth court, in the case of Bond v. Bond, 41 Tex. Civ. App. 129, 90 S. W. 1128, hold that, while it is the duty of the father to support his minor children, yet it is without the power of the district court to enter a fixed charge for that purpose against either the father or mother. These decisions seem to be based upon the fact that the statute does not authorize the trial court to enter such order.

[5, 6] The district courts of this state are courts with general equity powers. Even under and by virtue of article 4634, the disposition of the use of the rents and revenues of the estate is placed upon the conscience of the court. In this case the husband is made the custodian or trustee of his own property,

and a trust is created that, in our opinion, does not shock the conscience. It is true that a fixed sum is named, and that no period of time is designated in which this trust is to terminate. However, the trial court's jurisdiction continues, and at any time the requirements of this judgment become too onerous or work to the destruction of the trust estate, and it is so made to appear to the court, any inequality in the working of such judgment or any provision shown to work a hardship to the trust estate can be modified or amended. We do not think that the trial court was limited by the statute, except where the statute speaks, but that the statute being silent, the trial court's equity powers can be exercised and such disposition of the revenues from the estate as to the court may seem best for the interest of all parties can be made, keeping in mind always the fact that the parent owes to his minor children the duty of support, maintenance, and education. The objection that a fixed sum should not be ordered by the court for that purpose does not appeal to us. Some one must say what sum is necessary for the support and maintenance of the children. Why not the court? Is it to be left to either parent? If left to the father, then, if the record is true, no support would be furnished. Why should it be left to the trustee to determine the amount with any more reason than to the court who appoints him with full information as to the condition of the estate and of the parties?

It is held that the court may properly require the husband to furnish security when there is danger that he will dispose of his property or squander it, so that nothing will remain upon which the decree can operate, and in other courts it is also held that the court may burden specific property with such a charge or create a trust for this purpose. 19 C. J. 358.

Should the husband fail to obey the order of the court, such court would be powerless to enforce its decree by way of contempt proceedings against the defendant (Ex parte Gerrish, 42 Tex. Cr. R. 114, 57 S. W. 1123), hence the necessity of fixing the liability by lien on property or by placing such property in the hands of a trustee, where the defendant cannot reach it or convey the title to others. This right of the court is recognized in 19 C. J. 360.

In the case of Rice v. Rice, 21 Tex. 68, the Supreme Court of Texas has recognized the right of the trial court to appropriate all of the estate to the benefit of the minors, and to that effect holds as follows:

"Under the ample discretion vested in courts by this section, the decree in substance, and its intended effect, may be maintained. The division of the estate is to be made by the court, in such way as may seem just and right, not only to the parties but to the children.

"The property in this case is but small in

amount; not at all sufficient to maintain the parents and children, or even the children separately. The court has, in substance, adjudged, or intended to adjudge, that the proceeds of the whole property should be applied to the benefit of the minors.

"If these children had been intrusted to the father, he would have been bound for their maintenance; if to the mother, the funds, if there be any, must have been furnished by the father for their support; and when given to a guardian, it is but reasonable that such disposition should be made of the estate of both father and mother, as may be sufficient for their maintenance, education, etc. The reasons why those who have brought children into the world should support and protect them in their helplessness and infancy will suggest themselves to every mind. They are enforced by instinct, and by laws human and divine. In making the division of the property, courts must protect the children, as well as the parents, from injustice."

This case also recognizes the right of the trial court to appoint a receiver for the management of the property and the disposition of the rent and revenues for the children's benefit.

In deciding that the separate property of the husband might be impressed with the homestead claim for the use of the wife and minor children, notwithstanding there was other real estate belonging to the community estate, Judge Greenwood, in Hedtke v. Hedtke, supra, says:

"The present statute is essentially the same as the act of 1841, with the elimination of the provision relative to slaves, and with the correction of manifest typographical errors. Its language ought to be given the meaning uniformly ascribed to it by this court, and that is, that the court pronouncing a decree of divorce is invested with wide discretion in disposing of any and all property of the parties, separate or community, and that its action, in the exercise of such discretion, should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair. Simons v. Simons, 23 Tex. 348; Rice v. Rice, 21 Tex. 68; Gulley v. Gulley, 111 Tex. 238, 231 S. W. 97, 15 A. L. R. 564."

This cause also recognized the right of the trial court to impress a trust upon the rents and revenues of the estate for the benefit of the children.

In the case of Gulley v. Gulley, 111 Tex. 238, 231 S. W. 97, 15 A. L. R. 564, cited by the Supreme Court in the Hedtke Case, that court holds:

"Where the court has provided for the children's support and education in the decree of divorce, such provision excludes liability therefor otherwise than as ordered by the court rendering the decree. It is now settled that the power of the court granting a divorce to make suitable provision for the children out of the revenues of the property of the parents is a continuing one, so that complete justice may be done in the light of the varying conditions of the children and of the parents, and the court's continuing authority may be invoked to safeguard the rights of the parents as well as those of the children."

As we cannot see any reason why the court, who is cognizant of all the conditions, of the value of the estate, should not fix a sum payable monthly for the support and maintenance of the children adequate to their necessities and commensurate with the ability of the father to meet such obligation, instead of leaving the fixing and payment of such sum to the trustee, we hold that there was no error in the court's so doing, and there was no error in impressing defendant's property with this trust.

[7] 4. It was not error for the court to allow attorney's fees under the conditions recited in the petition. Hemman v. Hemman (Tex. Civ. App.) 251 S. W. 313.

5. It was proper for the court to allow alimony pending appeal. Ex Parte Lohmuller, 103 Tex. 474, 129 S. W. 834, 29 L. R. A. (N. S.) 303. However, as to all such sums received by way of alimony pending appeal, it is proper that the plaintiff be charged therewith in the final adjustment of matters between the parties. Williams v. Williams, 60 Tex. Civ. App. 179, 125 S. W. 937, 1199.

Having carefully considered the other assignments, and in view of the conclusions stated above, reached by us, and in the absence of a statement of facts, we order the affirmance of the trial court's judgment.