**Ex parte John P. THOMPSON, Relator.**

No. 18396.

Court of Civil Appeals of Texas, Dallas.

May 16, 1974.

**166**

———◆———

Tom James, Blanchette, Shelton & James, Dallas, for appellant.

R. Guy Carter, Jack B. Cowley, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellee.

GUITTARD, Justice.

Relator John P. Thompson was adjudged in contempt for failure to make monthly support payments to respondent Doris duCret Thompson pending termination of their divorce litigation, and he seeks here an original writ of habeas corpus releasing him from custody of the sheriff. Our question is whether the obligation to make monthly support payments imposed by a prejudgment alimony order continues after entry of a divorce decree and is extended by the granting of a new trial. We hold that the obligation does not continue after judgment in the absence of language, not found in the present order, providing unequivocally that the payments should be continued pending appeal or other post-judgment proceedings.

The alimony order in question, dated January 17, 1973, ordered relator to pay respondent two thousand dollars on the first day of each month "during the pendency of this cause and until further order herein." The case went to trial on February 12, 1973, and on June 15, 1973, the court entered a "decree of divorce" dividing the community property, but making no provision for further support payments. On September 6, 1973, the court granted a new trial on respondent's motion. A question arose concerning effectiveness of this order, and on December 27, 1973, this court decided in an original proceeding that the order granting a new trial was effective. We directed the trial court to proceed to trial, but the case has not yet been reached for trial. Subsequently respondent filed a motion for contempt, which was heard April 18, 1974. On that day the court adjudged relator to be in contempt for failure to comply with the temporary support order of January 17, 1973, and ordered him confined to jail for a period of seventy-two hours. The order recites that relator "knowingly and intentionally" violated the terms of the order of January 17, 1973, by failing to make payments of two thousand dollars each to respondent on the first days of July, August, September, and October 1973.

Relator contends that he is illegally restrained because the contempt order is void under the circumstances of this case in that he had no way of knowing what his

obligations were with respect to support payments in July, August, September, and October, and that the trial court could not give retroactive effect to the proceedings subsequent to the decree of June 15, 1973, so as to impose an obligation on him to make support payments for the intervening months. Respondent replies that relator's obligation to make payments continues under the terms of the original alimony order until final disposition of the litigation because the order of January 1973 continues such payments "during the pendency of this cause and until further order herein."

■ We cannot agree that this alimony order is so clear and certain that relator could be expected to understand that his obligation to make monthly payments continued after entry of the divorce decree. An order of a court to be enforceable by contempt proceedings must not be susceptible of different meanings or constructions. It must inform persons affected by it with certainty of what they are ordered to do or refrain from doing so that they will not be misled. Ex parte Slavin, 412 S.W.2d 43 (Tex.1967). *Slavin* holds that an order sufficiently certain under some circumstances may become uncertain with passage of time and change of circumstances. Likewise, in the present case, relator's obligation may have been clear enough before the trial began on February 12, 1973. After the divorce decree was entered on June 15, 1973, continuation of the obligation was by no means clear. Relator then had to consider not only the terms of the support order but also the legal effect of the divorce decree, which made no provision for further support.

The continuation of the obligation pending an appeal or other post-judgment proceedings is a legal question of some difficulty. The only statutory authority for alimony is Tex.Fam.Code Ann. § 3.59 (Vernon 1973), which provides:

> After a petition for divorce or annulment is filed, the judge, after due notice may order payments for the support of the wife, or for the support of the husband if he is unable to support himself, until a final decree is entered.

Before enactment of the Family Code, the temporary alimony statute then in force, Tex.Rev.Civ.Stat. art. 4637 (1925), was held to authorize alimony after judgment and pending appeal on the theory that no "final decree" is "made in the case" until that decree is pronounced which puts an end to the case. Ex parte Lohmuller, 103 Tex. 474, 129 S.W. 834 (1910). Our investigation, however, has revealed that the obligation imposed by a prejudgment alimony order has not generally been regarded as continuing pending appeal without further order of the court, although no authoritative decisions have been found expressly deciding this point. *Lohmuller* and other reported cases dealing with alimony pending appeal appear to have involved either an order in the divorce decree itself or an order subsequent to the divorce decree. Ex parte Kollenborn, 153 Tex. 350, 269 S.W.2d 339 (1954); Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306 (1939); Ex parte Hodges, 130 Tex. 280, 109 S.W.2d 964 (1937); Hudson v. Hudson, 308 S.W.2d 140 (Tex. Civ.App.—Austin 1957, no writ); Ellis v. Ellis, 225 S.W.2d 216, 218 (Tex.Civ.App. —San Antonio 1949, no writ); Jones v. Jones, 211 S.W.2d 269 (Tex.Civ.App.—El Paso 1944, no writ); Bagby v. Bagby, 186 S.W.2d 702 (Tex.Civ.App.—Amarillo 1945, no writ); Barry v. Barry, 162 S.W.2d 440 (Tex.Civ.App.—Galveston 1942, no writ); Hughes v. Hughes, 259 S.W. 180 (Tex. Civ.App.—Amarillo 1924, writ dism'd); Beeler v. Beeler, 218 S.W. 553 (Tex.Civ. App.—El Paso 1920, no writ). A prejudgment alimony order was considered effective pending appeal in Williams v. Williams, 60 Tex.Civ.App. 179, 125 S.W. 937 (Tex.Civ.App.—Galveston 1910, writ dism'd), but that case involved no question of contempt, and the actual point decided was that the alimony order could not be enforced by receivership.

The cases cited other than *Williams* indicate that the Texas practice under former article 4637 was to consider a prejudgment alimony order as effective only to the date of the judgment appealed from, and to obtain a further order when necessary for the wife's support pending appeal. This practice is sound because in absence of unequivocal language in the prejudgment order expressly continuing the obligation after judgment and pending appeal, the obligation to continue payments after judgment is not sufficiently clear and certain to support punishment for contempt.

The same considerations apply to post-judgment proceedings in the trial court. Unless the prejudgment alimony order by express language requires continuation of payments after judgment and until further proceedings are concluded, a further order after judgment or on granting a new trial is necessary in order that the party charged with support may be specifically advised of the continuing obligation. We need not consider whether the court has the same authority under § 3.59 of the Family Code as under the former statute to order support payments after judgment, since we hold that even if it does have the same authority, an order granting a new trial does not automatically continue the prejudgment alimony order or make it applicable retroactively to the period intervening after entry of the divorce decree, as the trial court here apparently held. Accordingly, relator is discharged from custody.

CLAUDE WILLIAMS, Chief Justice (concurring).

I agree that petitioner is being deprived of his liberty by virtue of a void order of commitment and therefore should be released from custody. However, I would confine the decision solely on the basis of the invalidity of the order of January 17, 1973 because of ambiguity and uncertainty in its terms so that petitioner could not readily know and understand what duties or obligations were imposed upon him. In re Allen, 477 S.W.2d 297 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ) and Ex parte Slavin, 412 S.W.2d 43 (Tex. 1967). I see no need to discuss nor pass upon the other matters contained in the majority opinion.