## T. H. BARFIELD ET AL. v. S. E. EMERY ET AL.

App. ·No. 8248.   No. 2763.   Decided June 26, 1915.

**Conclusions of Law and Fact—Failure to File—Harmless Error.**

The failure of the trial judge to file his findings of fact and conclusions of law will not be ground for reversal where a statement of facts was duly prepared and filed and it does not appear that such failure prevented a proper presentation of the questions involved in the appeal.   (P. 306.)

Error to the Court of Civil Appeals, Second District, in an appeal from Taylor County.

Barfield et al. obtained writ of error upon the reversal on appeal of a judgment obtained by him in the trial court.

*J. M. Wagstaff,* for plaintiffs in error cited: Sullivan v. Fant, 110 S. W., 521; Haywood v. Scarborough, 102 S. W., 469; City Natl. Bank v. Stout, 61 Texas, 567.

*Ben L. Cox,* for defendants in error, cited: M. K. & T. Ry. Co. v. Cameron & Co., 136 S. W., 74; Wandry v. Williams, 124 S. W., 85; Bank v. Cox, 139 S. W., 1; Boyette v. Glass, 140 S. W., 819; Railway Co. v. Highland Dairy Co., 137 S. W., 137; State v. Pease, 147 S. W., 649; Poulter v. Smith, 149 S. W., 279.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

An answer having been filed by the defendants to the petition for writ of error, we are enabled to decide the case.

It is one in which the Honorable Court of Civil Appeals for the Second District has reversed the judgment of the trial court there rendered in favor of the plaintiff in error because of the failure of the trial court to file his findings of fact and conclusions of law upon the motion of the defendants in error, within ten days after the adjournment of the term. A bill of exception contains an explanation of the trial judge of his omission to file his conclusions within the statutory period, due, as stated by him, to the fact that his home was under quarantine during the period necessary for their preparation; this explanation, however, being controverted by opposing affidavits.   Although the conclusions of the trial judge were not duly filed, it appears that statement of facts was duly prepared and filed and accompanied the record on the appeal.

We agree with the view expressed in the dissenting opinion of Chief Justice Conner that it does not appear that the omission of the trial judge to duly file his conclusions prevented a proper presentation of the questions involved in the appeal, or that it could have operated to the prejudice of the appellants in that court.   We are of opinion therefore that it did not in itself warrant a reversal of the judgment.

Since it appears that the judgment was reversed upon this ground, in reversing the judgment of the Court of Civil Appeals, the case is re-

manded to that court for further consideration. A more extended opinion will be later filed.

*Reversed and remanded to the Court of Civil Appeals.*

The more extended opinion in this case has not yet been filed.