ANDERSON v. LOCKHART. (No. 911.)

(Court of Civil Appeals of Texas. El Paso. Jan. 23, 1919. Rehearing Denied Feb. 27, 1919.)

1. ABATEMENT AND REVIVAL ⬅9—OTHER ACTION PENDING.

Trespass to try title to section 18, by L. against A., depending on whether L. got title to such land by sale thereof under judgment in suit to foreclose lien on section 19, the judgment erroneously naming section 18, is not abated by pendency of suit against L., A., and others to set aside the judgment, and for reformation and foreclosure on the proper land.

2. TRIAL ⬅389—FINDINGS AND CONCLUSIONS—EXCUSE FOR OMISSION.

It is no excuse, for failure of trial court to prepare and file findings of fact and conclusions

of law, as required by Rev. St. 1911, art. 2075, that appellant asked time to prepare and file statement of facts.

3. APPEAL AND ERROR ⬅1071(1)—FINDINGS AND CONCLUSIONS—FAILURE TO PREPARE AND FILE—EFFECT.

For failure of trial court to prepare and file findings of fact and conclusions of law, as required by Rev. St. 1911, art. 2075, preventing assignments of error thereon, there being several affirmative defenses, calling for findings and conclusions, judgment will be reversed.

Harper, C. J., dissenting in part.

Appeal from District Court, Gaines County; W. R. Spencer, Judge.

Action by G. E. Lockhart against T. M. Anderson. Judgment for plaintiff, and defendant appeals. Reversed and remanded for new trial.

J. M. Hawkins, of Hempstead, and J. M. Whatley, of Paducah, for appellant.
G. E. Lockhart, of Tahoka, for appellee.

HARPER, C. J. This suit was filed by G. E. Lockhart against T. M. Anderson, January 23, 1918, in district court of Gaines county, in the form of trespass to try title to 120 acres of land alleged to be a part of survey 18, block A22, described by metes and bounds, situated in Gaines county, Tex.

Defendant answered by plea in abatement; the pendency of a suit in the district court of Cottle county; plea of not guilty; and specially pleaded the same facts set up in the plea of abatement hereinafter noted.

Upon hearing, the court overruled the plea in abatement and rendered judgment for the plaintiff for the land sued for. Anderson appealed, and has assigned as error the order overruling his plea in abatement.

The record discloses that August 10, 1909, defendant T. M. Anderson and wife conveyed to one Sooter 120 acres out of section 19, block A22, public school land, by metes and bounds, and retained vendor's lien to secure unpaid purchase money, evidenced by three notes; that said Sooter conveyed the land to Smith, who assumed payment of the notes; that he (Sooter) sold two of the Anderson notes to the West Texas Supply Company, who filed suit on same in Cottle county, Tex., cause No. 578, against defendant T. M. Anderson, Sooter, Smith, and Cobb, and on April 20, 1916, took judgment for the debt and for foreclosure of the lien, but by error the judgment foreclosure was for section No. 18, block 22, instead of 19, as in the deed. Upon an order of sale issued pursuant to said judgment, the sheriff sold section No. 18 to the plaintiff in the instant case, October 3, 1916; that as soon as it (Supply Company) discovered the mistake it filed a suit in the same court, September 22, 1917, Cottle

county, Tex., No. 783, against T. M. Anderson, Sooter, Smith, Cobb, and the plaintiff in this suit, Lockhart, to set aside the former judgment, to reform it so that it speak the truth as to the section number, that a new judgment be rendered for its debt, and for foreclosure of its lien upon the proper land. Anderson, defendant in the instant case, pleaded in the nature of plea in intervention, though not so called, adopted the plaintiff Supply Company's allegations as to mistake, alleged that he was the owner and holder of the third note, and asked for judgment and foreclosure of lien therein provided for, and further alleged that G. E. Lockhart, appellee here, became the purchaser of the land sold under the erroneous judgment at the sheriff's sale for the inadequate price of $25; tendered this amount, and prayed that the said judgment be set aside, that he have judgment on his note and foreclosure of his lien upon section 19, as provided therein; that thereafter, to wit, January 23, 1918, the instant suit, No. 437, was filed in Gaines county in the nature of trespass to try title. The land is situated in Gaines county.

The defendants, including Lockhart, answered to the merits of the Cottle county suit. Appellant, in due order pleaded the fact of cause No. 783 pending in Cottle county in bar of this action.

[1] Appellee's right to recover in this case depends upon whether he got title to section 18 by his purchase at the sheriff's sale and deed under the judgment in No. 578, and No. 783 is being prosecuted to set that aside, and appellee is a party defendant to the latter suit and has answered therein. I am of the opinion that the plea in bar should be sustained and this action dismissed (Camp v. Bank of Alpine, 195 S. W. 217; Sparks v. National Bank, 168 S. W. 48), for the reason that the two suits might result in conflicting judgments as to title to the same land, and it may prevent a multiplicity of suits. But my Brethren do not concur in this holding.

[2, 3] But we all concur in the holding that this cause must be reversed and remanded, because the trial court failed to prepare and file findings of fact and conclusions of law as required by Rev. St. 1911, art. 2075, upon seasonable request for same, as was made in this case. The reason appended to the bill of exceptions by the judge for not filing is that appellant asked time within which to prepare and file a statement of facts. This is no reason at all. It often becomes necessary to test the correctness of a court's findings of fact by the statement of facts, and in this case the appellant might have been able to assign as error that the findings of the court were not supported by the evidence; and the same may be said of the conclusions of law. It is true, as urged

by appellee, that it is not every case that will be reversed for failure to file findings. See opinion of Supreme Court in Barfield et al. v. Emery, 107 Tex. 306, 177 S. W. 952, commenting upon the dissenting opinion in the same case, by Court of Civil Appeals, 156 S. W. 311. The test is in all cases: Is appellant prevented from making the proper presentation of the questions involved in the appeal, so that the failure would operate to his prejudice? There are several affirmative defenses asserted to plaintiff's cause of action in this case, and each call for a finding of fact by the trial judge, as well as necessitating his reaching a conclusion of law before rendering a judgment. Without these findings, where the evidence is conflicting, as in this case, appellant could not assign his errors, so that the questions might be reviewed by us.

We will briefly note some of them. It is alleged that the land sued for in this case, a part of section 18, was not the land upon which the lien foreclosed existed, but that it was a part of section 19, and that the records of Gaines county, where the land was situated, showed that fact at the time of purchase, and that appellee had notice thereof when he made his purchase at sheriff's sale under the judgment in Cottle county. It is further charged that there were erasures and mutilations of the order of sale unaccounted for, and of this appellee had notice when he purchased, and that $25 for 120 acres of land was a grossly inadequate price, and the amount was tendered to appellee. An adverse finding upon either of these questions should preclude a recovery by appellee, and we cannot review them without assignments of error from appellant.

There are other assignments; but, if error is presented by them, they are not likely to recur upon another trial, so are not discussed.

For these reasons, the cause must be reversed and remanded for a new trial.