### GERHART et al. v. MOORE. (No. 8028.)

(Court of Civil Appeals of Texas. Galveston. March 1, 1921. Rehearing Denied March 31, 1921.)

1. **Appeal and error** ⟐⟐1071(1)—**In absence of statement of facts, failure to file requested findings of fact and conclusions of law reversible error.**

It is the general rule that, where there is no statement of facts, the failure of the judge before whom a cause is tried without a jury to file his findings of fact and conclusions of law within 10 days after due request has been made therefor under Vernon's Sayles' Civ. St. art. 2075, constitutes reversible error.

2. **Appeal and error** ⟐⟐1071(1)—**Failure to file findings and conclusions not reversible error where under statement of facts no other judgment could have been rendered.**

Where a proper statement of facts accompanies the record on appeal, and where it is manifest therefrom that no judgment other than that rendered could have been properly rendered, the failure of the judge to file findings and conclusions in 10 days under request in accordance with Vernon's Sayles' Civ. St. art. 2075, is not cause for reversal.

3. **Adverse possession** ⟐⟐101—**Occupancy of subdivision of larger tract not notice of claim to owner of another subdivision not actually occupied; "adverse enjoyment of land."**

To constitute an "adverse enjoyment of land," the act of enjoyment must be of such character as to afford grounds for an action by the real owner, and the occupancy of one subdivision of a larger tract is not notice to the owner of another subdivision not actually occupied that the occupant is claiming or intends to claim any portion of his land.

[Ed. Note.—For other definitions, see Words and Phrases, Adverse Enjoyment.]

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by William A. Moore against E. N. Gerhart, Frank Gerhart, and others. Judgment for plaintiff, and defendants named alone appeal. Affirmed.

A. C. Allen and Taliaferro & Sonfield, all of Houston, for appellants.

LANE, J. This suit was instituted in May, 1919, by appellee, William A. Moore, in the form of trespass to try title to certain blocks and lots in what is designated as Brunsville, containing in the aggregate about 27 acres, the same being a part of a certain 100-acre tract known as the John Pugh tract, situated in Harris county, Tex. The suit was against appellants, E. N. Gerhart and Frank Gerhart, and Mrs. Maggie Gerhart and her husband, Charles Gerhart, the Houston Ice & Brewing Association being also made a party defendant, it having conveyed the land to appellee by warranty deed.

Mrs. Maggie Gerhart and husband, Charles Gerhart, filed their disclaimer and have not appeared, and therefore will not be further mentioned as parties to the suit in this opinion.

Appellants, E. N. Gerhart and Frank Gerhart, answered by plea of not guilty and by specially pleading that they purchased a certain 100 acres, of which the land sued for by the plaintiff is a part, from one Terry Farrell, as evidenced by her deed of date November, 1916, and that they are the owners of said 100 acres, including the land sued for by the plaintiff. They also pleaded that they and Terry Farrell, under whom they claim, had held such possession and made such use of the whole of said 100 acres as had ripened into title under the statutes of limitation of three, five, and ten years.

The Ice & Brewing Company answered by general denial.

It was shown that one John L. Pugh and wife formerly owned a tract of land of several hundred acres, and that in a partition of which between his heirs one subdivision thereof, containing a few acres more than

100, was set aside to his son, John Pugh, and was designated as subdivision No. 2; that another subdivision of about 100 acres, lying just to the east and adjoining tract No. 2, was set aside to Mrs. Maggie Gerhart; that the 27 acres sued for by the plaintiff is a part of the 100 acres so set aside in John Pugh.

It was shown that appellee claimed and held the land he sued for by a regular chain of title from John Pugh.

It was also shown that in May, 1893, Maggie Gerhart, joined by her husband, Charles Gerhart, John Pugh, Emma Pugh, W. T. Pugh, and H. H. Bruns, entered into an agreement with one A. E. Stimson, a surveyor, to subdivide several tracts of land owned by the several parties, containing 334 acres, among which was the tract set aside to John Pugh in the partition above mentioned; that thereafter in said year said land was subdivided into blocks, lots, streets, and alleys, and that such streets and alleys were dedicated to the public as highways for the ordinary use of the public; that a plat or map of which subdivision showing such lots, blocks, streets, and alleys was at that time made and duly recorded in the deed records of Harris county; that such subdivision was designated and known as the town of Brunsville, and many of said lots and blocks were thereafter sold by their owners to various and sundry persons; and that said lots and blocks so sold were described by reference to said recorded plat or map.

It is shown that prior to the 1900 storm an old negro man by the name of Farrell and his wife, Terry Farrell, lived on the north end of the John Pugh 104-acre tract of land as the tenants of said Pugh; that said storm wrecked the house in which the Farrells lived, and that by the consent of Pugh they moved into an outhouse situated on 3 acres of land off the south part of said Pugh tract, about 50 feet from Pugh's residence, which was also on said 3 acres; that said 3 acres were fenced at the time Farrell moved upon it; and that such fence did not enclose any of the property sued for by plaintiff.

It is shown that John Pugh died in 1904 and left Farrell and his wife, Terry Farrell, living on said 3-acre tract, and that Farrell and wife continued to live on the same until the year 1912, at which time he died, and that after his death his wife, Terry Farrell, continued to live thereon until about the year 1916, at which time she executed and delivered to appellants Gerhart her deed, by the terms of which she conveyed the John Pugh 100-acre tract to them.

It is shown that in the year 1901 John Pugh conveyed to Lizzie and Joe Crispi all of his said tract of 104 acres, except such as he had theretofore sold, and that the title to the same passed from Crispi to the Houston Ice & Brewing Company, and the Ice & Brewing Company by its warranty deed conveyed the same land to appellee, W. A. Moore.

It was shown that appellants took possession of the 3 acres on which the Pugh house was situated in 1916, and about that time inclosed the other parts of the John Pugh tract, including the lots and blocks owned and sued for by appellee, Moore.

The case was tried before the court without a jury, and judgment was rendered in favor of appellee, Moore, for the land sued for, and against appellants Gerhart, and also rendered judgment in favor of the Houston Ice & Brewing Company. From such judgment E. N. and Frank Gerhart only have appealed.

It is shown that timely request was made by counsel for appellants for findings of fact and conclusions of law, and that the trial court failed to file either within 10 days after adjournment of court, and that such findings and conclusions were, over the objection of appellants, filed about 50 days after the court had adjourned.

Appellants insist: First, that this court is not authorized to consider the findings of fact and conclusions of law so filed by the trial court; and, second, that appellant is entitled to a reversal of the judgment solely upon the grounds that such findings and conclusions were not filed within the 10 days provided by law.

The foregoing is the only reason urged for reversal of the judgment. It is not the contention of appellants that there was not ample evidence to support the judgment rendered, but they do contend that appellants had the right to have the trial court file his findings of fact so that they might test the correctness of such findings by the statement of facts, and by this means show that such findings of fact and the conclusions of law based thereon were against the weight of the evidence.

By article 2075, Vernon's Sayles' Civil Statutes, it is provided that the trial judge in such cases may have 10 days after adjournment of the term of court in which to prepare and file his findings of fact and conclusions of law, when demand is made therefor. It is well settled that no such findings and conclusions filed after the expiration of the 10 days mentioned can be considered by the appellate court.

[1, 2] It is the general and uniform rule that, where there is no statement of facts, the failure of the judge before whom a cause is tried without a jury to file his findings of fact and conclusions of law after due request has been made therefor would constitute reversible error. But it is equally as well settled that, where a proper statement of facts accompanies the record on

appeal, and where it is manifest therefrom that no judgment other than that rendered could have been properly rendered, the failure of the judge to file his findings of facts and conclusions of law would not be cause for a reversal of the judgment so rendered. City National Bank v. Stout, 61 Tex. 571; Barfield v. Emery, 107 Tex. 306, 177 S. W. 952; Haywood v. Scarborough, 102 S. W. 469; Jacobs v. Nussbaum, 63 Tex. Civ. App. 520, 133 S. W. .485; Sutherland v. Kirkland, 134 S. W. 851; Shepherd v. McEvoy, 144 S. W. 285.

It is shown by the undisputed facts disclosed by the statement of facts accompanying the record in this case that the John Pugh tract of land was subdivided into lots, blocks, streets, and alleys in 1893, long before Terry Farrell, under whom appellants claim, took possession of any part thereof, and that a plat and map of such subdivisions were made in said year and were duly recorded in the deed records of Harris county, and thereafter many of said lots were sold to various parties, the conveyances thereto describing them by reference to said plat; that the only part of the John Pugh tract covered by the premises of Terry Farrell was certain lots and blocks in the extreme southern part of said tract, and that none of the lots and blocks sued for by appellee were ever in any manner occupied, possessed, or used adversely and exclusively by Terry Farrell or her husband, nor by the appellants, or either of them, until 1916, at which time appellants fenced the land sued for. It is therefore made to appear from the undisputed evidence that appellants' possession had never ripened into title by limitation under the statutes of limitation pleaded by them prior to the filing of appellee's suit in 1919. It is also made to appear by the evidence that, if appellants are entitled to recover at all, such recovery must be by virtue of the statute' of limitation.

The rule relied upon by appellants is that actual occupancy of a portion of a survey is to be construed as an entry by the occupant upon the entire survey, and that such entry and occupancy operates as an occupancy to the extent of the boundaries of such survey, and hence such occupancy for the statutory period will bar recovery by the owners of a portion of such survey, although not in the actual possession of the occupant.

[3] This rule, however, is not applicable to the facts of this case. To constitute an adverse enjoyment of land, the act of enjoyment must be of such a character as to afford grounds for an action by the real owner of the land. The occupancy of one subdivision of a larger tract of land is not notice to the owner of another subdivision of such larger tract, not actually occupied, that the occupant is claiming or intends to claim any portion of his land. The adverse occupancy as contemplated by the law of limitation must be the actual, visible, and notorious occupancy of the very tract of land in controversy.

It is not conceivable how the occupancy by Terry Farrell, or by her and her husband, of certain lots and blocks out of the John Pugh 104-acre tract would be any notice to appellee, Moore, that they were claiming or intended to claim other lots and blocks or subdivisions of the same tract owned by Moore, no part of which was occupied by the Farrells.

We are of the opinion that appellee Moore had no cause of action cognizable by the courts until appellants E. N. and Frank Gerhart fenced the land claimed by him in 1916 or 1917.

In Turner v. Moore, 81 Tex. 206, 16 S. W. 929, and in many other cases which might be cited, it is held that, 'where a tract of land is subdivided and sold to different parties, a subsequent purchaser of the whole tract entering under his deed cannot claim by·limitation those subdivisions upon which he had never entered; that his adverse possession of other subdivisions will not extend to such as have not been invaded by his actual possession.

Having reached the conclusion that the statement of facts accompanying the record shows such facts as rendered it imperative upon the trial court to render the judgment it did render, and that under such facts no other judgment could have been properly rendered, we further conclude that the failure of the trial judge to file his findings of fact and conclusions of law in no way injured the rights of appellants. We therefore affirm the judgment.

Affirmed.