KATY STATE BANK v. KATY BANK,
Unincorporated.    (No. 3208.)

(Court of Civil Appeals of Texas. Texarkana.
April 8, 1926. Appellee's Motion for Rehearing Granted April 22, 1926. Appellant's Motion for Rehearing Denied May 13, 1926.)

1. **Payment** ⊜⇒41(1).

Where it is not shown whether payment was on account of note involved or not, it will be credited thereon by the court.

2. **Set-off and counterclaim** ⊜⇒33(1)—Under agreement to take over banking business and to share losses on notes, defendants held not entitled to set off amount paid on another note against amount due from it on account of particular note.

In suit to recover losses sustained on notes of certain maker by bank in taking over defendants' banking business under agreement that such losses should be shared between parties, defendants *held* not entitled to have amount paid on another note of such maker set off against amount due from it.

On Appellee's Motion for Rehearing.

3. **Payment** ⊜⇒41(1)—In suit on agreement for taking over banking business, and providing that losses on notes should be shared, payment should be credited as of date thereof instead of date of judgment.

In suit to recover losses sustained on notes by bank in taking over defendants' banking business under agreement that such losses should be shared between parties, payment on note should be credited as of date of payment instead of date of judgment.

On Appellant's Motion for Rehearing.

4. **Appeal and error** ⊜⇒230—Appellant cannot complain of trial court's failure to file findings of fact and conclusions of law, where request was not called to judge's attention until after expiration of time for compliance (Vernon's Sayles' Ann. Civ. St. 1914, art. 2075).

Appellant cannot complain of trial court's failure to reduce his findings of fact and conclusions of law to writing and make same a part of record, where request to file findings and conclusions was not called to judge's attention until after expiration of time allowed him, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2075, in which to comply with such request.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by the Katy State-Bank against the Katy Bank, Unincorporated. Judgment for defendant, and plaintiff appeals. Affirmed on rehearing.

A. A. Moore was indebted to "the Katy Bank, Unincorporated," a copartnership composed of O. F. Bailey and O. C. Bailey, in sums aggregating $4,523.63, evidenced by promissory notes executed by said Moore, and secured by mortgages on personal property. The banking business of said copartnership, including Moore's said indebtedness, was taken over by "the Katy State Bank," incorporated under the laws of Texas, and on July 7, 1920, said Katy Bank, Unincorporated, and said Katy State Bank entered into a contract in writing, with reference to said indebtedness, whereby it was agreed between them "that in case there is a loss on account of these notes not being paid, then, in that event, each bank named above is to share the loss share and share alike, unless said loss would amount to four thousand dollars or over, and in case of such an event the Katy Bank, Uninc., shall pay only two thousand dollars of said loss and no more."

Claiming that there was a loss of over $4,000 on account of the failure of Moore to pay the notes evidencing said indebtedness, and that the Katy Bank, Unincorporated, by the terms of said contract was bound to pay it $2,000 on account of such loss, whereas it had paid only $1,255.49, the Katy State Bank brought this suit, seeking thereby to recover of the Katy Bank, Unincorporated, $744.51 as the part of said $2,000 remaining unpaid. The trial (which was to the court without a jury) resulted in a judgment denying the Katy State Bank a recovery of anything, and in favor of the Katy Bank, Unincorporated, for costs. The appeal was prosecuted by the Katy State Bank.

Maurice Hirsch & Allen Hannay, of Houston, for appellant.

Carothers & Brown, of Houston, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] As stated above, the amount of the notes at the time the parties entered into the contract was $4,523.63. It appeared from the testimony that after that time payments as follows were made on the notes by Moore: November 24, 1920, $1,000; March 20, 1921, $350; April 13, 1921, $902.13; April 29, 1921, $288. And it appeared, further, that on December 20, 1920, Moore paid $200 to appellant, but whether on account of the notes or not was not shown. Taking said $200 payment into account, as we think should be done (21 R. C. L. 97), and allowing interest at the rate stipulated for in the notes, to wit, 8 per cent., a simple calculation shows the amount unpaid (and presumably "lost" within the meaning of the contract) on the notes December 31, 1924, the date of the judgment, to have been $2,682.87. One-half of that sum, the amount appellees by the terms of the contract were bound to pay, was $1,341.43. It appeared without dispute in the testimony that appellees paid $1,255.49 May 5, 1921. That amount, subtracted from the $1,341.43, left $85.94 as the part unpaid of the amount appellees were bound to pay.

[2] We do not think there is merit in ap-

pellant's contention that appellees were estopped, by admissions made by O. C. Bailey while acting as its cashier, from asserting that the part of the $2,000 unpaid was $744.-51, the amount sued for; nor do we think there is merit in appellee's contention that they were entitled to have the amount paid by O. C. Bailey to a Houston bank on account of the note for $1,000, made by Moore October 18, 1920, set off against the amount due by them under the contract sued upon.

The judgment will be reversed, and judgment will be rendered here in appellant's favor against appellee for said sum of $85.94 and interest thereon from December 31, 1924.

On Appellee's Motion for Rehearing.

[3] In the calculation made by the writer to determine the loss to appellant on account of the Moore notes, the payment of $1,255.49 made by appellee May 5, 1921, instead of being credited as of that date, was credited as if made December 31, 1924, the date of the judgment of the court below. The amount of the loss to appellant on account of the notes on said May 5th was $2,076.80, one-half of which ($1,008.40) was less than said $1,255.-49 then paid by appellee. So, crediting the $1,255.49 payment as of the date it was made, it appears that at the time the suit was commenced appellant was not entitled to demand and receive anything of appellee on account of the undertaking of the latter to pay a part of the loss to appellant on account of the notes. It follows that the judgment of the court below should have been affirmed, and that this court erred when it reversed that judgment and rendered judgment here in appellant's favor. Therefore, the motion will be granted and the judgment rendered here March 25, 1926, will be set aside, and the judgment of the court below will be affirmed.

On Appellant's Motion for Rehearing.

[4] Appellant, having assigned error on the failure of the trial judges to comply with its request that he reduce his findings of fact and conclusions of law to writing and make same a part of the record, complains because the assignment was ignored in the opinion disposing of the appeal. We did not think there was any merit in the assignment, because it appeared from the judge's qualification of the bill of exceptions presenting the matter that appellant's request that he make and file such findings and conclusions was not called to the judge's attention until after the expiration of the time allowed him in which to comply with such a request. Art. 2075, Vernon's Statutes. Under such circumstances it is held a party has no right to complain that the court did not comply with his request. Foundry Co. v. Dilley (Tex. Civ. App.) 140 S. W. 496; Overton v. Colored Knights of Pythias, 173 S. W. 472; Barfield v. Emery, 107 Tex. 306, 177 S. W. 952.

The motion is overruled.