SMITH et al. v. PASCHAL et al. (Motion No. 8014; No. 1036—4943.)

Commission of Appeals of Texas, Section A. April 11, 1928.

Trial ⚖⇒392(2)—Trial judge's failure to make and file conclusions of fact and law held not error, where request was not made within time (Rev. St. 1925, art. 2247).

Failure of trial judge to make and file conclusions of fact and law held not error, where request for findings was not made within time required by Rev. St. 1925, art. 2247, but was made after appeal bond had been filed.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

On motion for rehearing. Rehearing denied.

For former opinion, see 1 S. W. (2d) 1086.

O'Fiel & Reagan and David E. O'Fiel, all of Beaumont, for plaintiffs in error.

Dycus & Shivers and R. A. Shivers, all of Port Arthur, for defendants in error.

NICKELS, J. The motion for rehearing filed by J. A. Paschal, defendant in error, in respect to the matters discussed in our original opinion (1 S. W. [2d] 1086) contains nothing that was not then considered. We have re-examined those questions, but we adhere to the conclusions formerly expressed.

The motion further presents error in our implied ruling against assignments (made in the Court of Civil Appeals [Paschal v. Hobby, 296 S. W. 336]) of error in failure of the trial judge to make and file conclusions of fact and law (article 2247, R. S. 1925), and of error in admission in evidence of the deposition of Willis.

The record, however, does not show that request for findings were made within time, or indeed until after appeal bond had been filed.

In respect to the deposition, the bill of exceptions discloses that Paschal's objections as made were that the depositions "were taken long prior to the time the defendant was made a party to the suit, and because they were taken in an entirely separate cause" and without opportunity of cross-interrogatories, etc. The objections, as made, were overruled. But the bill of exceptions or the record otherwise does not show that the deposition was taken under the circumstances described in the objections, and for aught shown the objections may have been overruled because the judge found the deposition was regularly taken and in a manner, and at a time, of which Paschal could not complain.

We recommend that the motion be overruled.