### FIDELITY UNION FIRE INS. CO. v. PRUITT. (No. 10322.) *

Court of Civil Appeals of Texas. Dallas. Nov. 24, 1928.

Rehearing Denied Jan. 25, 1929.

Collins & Houston, of Dallas, for appellant.

LOONEY, J. J. F. Pruitt sued Fidelity Union Fire Insurance Company on a fire policy for $2,000, issued by defendant on a building belonging to plaintiff. Defendant admitted the issuance of the policy, the destruction of the building by fire, alleged that the loss, if any, under the policy, was payable to two lien creditors as their interest might appear, admitted liability to the lien creditors (under article 4931, R. S. 1925), and showed that it had paid the amount of the policy in full to these creditors, and thus had fully discharged its liability.

In a cross-bill, defendant, while acknowledging liability to the lien creditors under the statute, alleged that it was not liable to plaintiff, because of the violation by him of the contract of insurance, and that, by reason of payments made to the creditors, defendant became subrogated to their rights, and, in addition, had become the assignee of their claims. It prayed that plaintiff take nothing, and that it have judgment against him on its cross-bill for the amount paid in discharging these liens, with foreclosure of same on the real estate involved.

Plaintiff answered the cross-bill by a general denial and plea of estoppel. In this status of the pleadings, the case was tried to the judge, and resulted in judgment against plaintiff in his suit on the policy, and against

the defendant on its cross-bill. Defendant has appealed, without a statement of facts.

Only one question is presented for discussion; that is: Did the failure of the judge to file findings and conclusions probably prevent appellant from making a proper presentation of the case to this court? If so, prejudicial error is shown, and the case should be reversed; otherwise, it should be affirmed. In Galveston, H. & S. A. v. Stewart & Threadgill, 257 S. W. 526, 529, Judge Hamilton, for the Commission of Appeals, after an exhaustive examination of numerous decisions on the subject, announced the status of the law as follows:

"Then, since the failure of the trial judge to file findings of fact and conclusions of law where no statement of facts is filed always constitutes reversible error unless from the record it affirmatively appears that the failure did not injure appellee, the only beneficial effect coming to appellee by the filing of a statement of facts flows from a showing made thereby that appellant was not injured by such failure. Unless the statement of facts or some other part of the record shows that no injury was done appellant by the failure to file findings and conclusions, the cause will be reversed because of such error. If it appears from the record and the statement of facts, where one is filed, that no harm resulted to appellee [appellant] from the trial judge's failure to file his findings and conclusions, such failure will not be cause for reversal. In such instance to reverse the case would be to do a vain thing. This the courts will not do."

As no statement of facts was brought up, we must determine from the record, in other respects, whether the failure of the judge to file findings and conclusions was or was not prejudicial to appellant, and this brings us to inquire whether defendant in its cross-bill alleged facts showing that it was not liable to plaintiff on the policy. Its material allegations on this issue, are these:

"Said policy also provided and it was stipulated and agreed by and between plaintiff and defendant therein, that the property insured by said policy should be occupied by the owner. It was also agreed by and between plaintiff and defendant, and expressly stipulated in the policy as follows:

"(a) On payment to such mortgagee (or trustee) of any sum for loss or damage hereunder, if this company shall claim that as to the mortgagor or owner no liability exists, it shall, to the extent of such payment, be subrogated to the mortgagee's (or trustee's) right of recovery and claim upon the collateral to the mortgaged debt, but without impairing the mortgagee's (or trustee's) right to sue, or it may pay the mortgaged debt and require an assignment thereunder and of the mortgage.

"That plaintiff, the owner, never occupied said insured building and by reason of the breach of the contract in the particular quoted, to the effect that it should be occupied by the owner, said policy became void as to plaintiff herein, and he cannot recover but by virtue of the statute, the mortgagees may recover as their interest may appear, or may have appeared, and by virtue of the express terms of the contract sued upon, defendant became subrogated to such rights, titles, or interests, as was owned by said mortgagees, upon discharging the debts, titles and rights and liens held by said mortgagees."

It will be observed defendant failed to show that the matter alleged to have been misrepresented by plaintiff was material to the risk, or that it actually contributed to the destruction of the building by fire, that being the contingency on which the policy became due and payable. Defendant could not escape liability to plaintiff on the policy in the absence of such showing.

Article 5043 (4947) R. S. 1925, provides: "Any provision in any contract or policy of insurance issued or contracted for in this State, which provides that the answers or statements made * * * in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon the trial thereof that the matter or thing misrepresented was material to the risk or actually contributed to the contingency or event on which said policy became due and payable, and whether it was material and so contributed in any case shall be a question of fact to be determined by the court or jury trying such case."

This statute requires defendants in suits of this nature to allege and prove the materiality of the matter misrepresented, or that it actually contributed to the contingency or event on which the policy became due and payable. See Ætna Accident & Liability Co. v. White (Tex. Civ. App.) 177 S. W. 162, 165, Southern Surety Co. v. Butler (Tex. Civ. App.) 247 S. W. 611, 613.

Defendant's cross-bill is insufficient, for the further reason it failed to show that, within a reasonable time after discovering the falsity of the representation relied upon as defensive matter, it gave notice to assure that it would not be bound by the contract. This was also an essential allegation.

Article 5044 (4948) R. S. 1925, reads in part as follows: "In all suits brought upon insurance contracts or policies hereafter issued or contracted for in this State, no defense based upon misrepresentations made in the applications for, or in obtaining or securing the said contract, shall be valid, unless the defendant shall show on the trial that, within a reasonable time after discovering the falsity of the representations so made,

it gave notice to the assured, * * * that it refused to be bound by the contract or policy: Provided, that ninety days shall be a reasonable time. * * * "

The defensive matter insisted upon by defendant as avoiding the policy as to plaintiff could only be made available by alleging and proving the giving of the notice required by this statute. See National Surety Co. v. Murphy Walker Co. (Tex. Civ. App.) 174 S. W. 997, 1003; Guarantee Life Ins. Co. v. Evert (Tex. Civ. App.) 178 S. W. 643; Milwaukee, etc., Co. v. Weathered (Tex. Civ. App.) 234 S. W. 568.

■ These statutory provisions are applicable to fire as well as to other kinds of insurance contracts. Scottish Union & National Ins. Co. v. Wade, 59 Tex. Civ. App. 631, 127 S. W. 1186, National Life Ass'n v. Hagelstein (Tex. Civ. App.) 156 S. W. 353.

■ We are of the opinion, therefore, that defendant's cross-bill fell far short of showing a valid defense against the policy as to plaintiff; that no defense could have been proven under these allegations; hence the failure of the court to file findings and conclusions was harmless. Therefore the judgment of the court should be affirmed.

The writer thinks the judgment should be affirmed for this further reason: Our courts hold that the failure or refusal of the trial judge to file findings and conclusions is not of itself reversible error, but the litigant must show in addition that he was thereby prevented from making a proper presentation of his case to the appellate court—in other words, error must not only be shown, but that it was prejudicial. The following cases announce this rule: Barfield v. Emery, 107 Tex. 306, 177 S. W. 952; Johnson v. Frost (Tex. Civ. App.) 229 S. W. 558, 562; Gerhart v. Moore (Tex. Civ. App.) 229 S. W. 876, 878; Colonna v. Kruger (Tex. Civ. App.) 246 S. W. 707, 708; Anderson v. Lockhart (Tex. Civ. App.) 209 S. W. 218; Emery v. Barfield (Tex. Civ. App.) 156 S. W. 311, dissenting opinion of Chief Justice Conner; Riley v. Austin, 112 Tex. 216, 245 S. W. 907.

Where the question is presented without a statement of the facts, the decisions are uniform, to the effect that the failure of the trial judge to file findings and conclusions constitutes reversible error, unless, as in the case at bar, it can be determined from the record, in other respects, that the error was harmless. See G., H. & S. A. Ry. Co. v. Stewart (Tex. Com. App.) 257 S. W. 526, 529; Wandry v. Williams, 103 Tex. 93, 124 S. W. 85; Buckner v. Davis, 61 Tex. Civ. App. 493, 129 S. W. 639; Werner Stave Co. v. Smith (Tex. Civ. App.) 120 S. W. 247; Broderick & Bascom Rope Co. v. Waco Brick Co. (Tex. Civ. App.) 150 S. W. 600; Eaton v. Klein (Tex. Civ. App.) 141 S. W. 828; Beavers v. Supreme Home of Ancient Order of Pilgrims (Tex. Civ. App.) 204 S. W. 718; Irwin v. State Nat.

Bank (Tex. Civ. App.) 224 S. W. 246; F. W. & R. G. Ry. Co. v. Tuggle (Tex. Civ. App.) 196 S. W. 910. Also, where a statement of facts accompanies the record that shows conflicting evidence on a material issue, the case will be reversed, for the reason that the litigant is entitled to know what the judge thinks the conflicting evidence establishes, also his opinion as to the law that determines the controversy. Callaghan v. Grenet, 66 Tex. 236, 240, 18 S. W. 507. Without a finding of fact the correctness of the judge's legal conclusions cannot be determined. In such a case it is reasonable to assume that the litigant was prevented from making a proper presentation of his case to the appellate court. Fitzhugh v. Franco Texas Land Co., 81 Tex. 306, 313, 314, 16 S. W. 1078; Osborne & Co. v. Ayers (Tex. Civ. App.) 32 S. W. 73, 74; M. K. & T. Ry. Co. v. William Cameron Co. (Tex. Civ. App.) 136 S. W. 74; Poulter v. Smith (Tex. Civ. App.) 149 S. W. 279; Kyle v. Blanchette (Tex. Civ. App.) 158 S. W. 796; G., H. & S. A. Ry. Co. v. Steward & Threadgill (Tex. Com. App.) 257 S. W. 526, 529; Senter v. Garland (Tex. Civ. App.) 298 S. W. 614, 616. But where the statement of facts fails to disclose a conflict in the evidence on a material issue, or it appears that the case does not require conclusions of the trial court for a proper presentation or understanding of the case, no prejudicial error is shown, and the case should not be reversed on that ground. See City Nat. Bank v. Stout, 61 Tex. 571; Jacobs v. Nussbaum, 63 Tex. Civ. App. 520, 133 S. W. 484, 486; Sutherland v. Kirkland (Tex. Civ. App.) 134 S. W. 851; G., H. & S. A. Ry. Co. v. Stewart (Tex. Com. App.) 257 S. W. 526, 529.

From these holdings we see that, wherever the decision turns on the evidence, a statement of facts is essential to determine the vital question at issue; that is, whether the error of the court was or was not prejudicial. This brings us to this question: Whose duty was it to bring up a statement of the facts? My opinion is this duty rested upon appellant. On the eleventh day after court adjourned, appellant knew the court had failed to comply with its request, and thereafter had ample time within which to have had prepared, approved, and filed a statement of the facts, which would unquestionably have revealed whether or not the error was harmful. The mere fact of error committed does not carry the presumption of prejudice.

In Wiess v. Hall (Tex. Civ. App.) 135 S. W. 384, 390, the court used this language: "The record is not without errors; but none of them, we think, presents sufficient grounds for reversal. The courts in this state have gotten away from the old dogma, for a time considered as the very citadel of our jurisprudence, that 'where error is shown, prejudice will be presumed.'"

It was the duty of appellant to show affirm-

atively from the record that prejudicial error was committed. Having omitted from the record the statement of facts, appellant cannot ask the court to indulge the presumption that the error was prejudicial; but rather, having failed in this duty, the presumption ought to be indulged that no prejudice would have been shown by the statement of facts.

In all appeals the appellant is the moving party; the duty is his to have prepared and filed in the appellate court a complete record. Candor in dealing with the court requires the presentation of every material part of the record, for the burden is upon him to convince the court that error has been committed of a prejudicial nature. In G., C. & S. F. Ry. Co. v. Blanchard (Tex. Civ. App.) 73 S. W. 88, 93, Judge Key, for the court, said: "* * * The burden rests upon the appellant to show reversible error."

In Beavers v. Baker, 58 Tex. Civ. App. 35, 40, 124 S. W. 450, 453, Judge Conner said: "As we have seen, the burden of proof was on appellants below to establish their equity, and now here to show error in the court's rejection of the charge, and we are of opinion that they have failed to discharge such burdens."

It is a fundamental principle, governing in appellate review, that courts will indulge presumptions in support of, but never to reverse, judgments of trial courts. Brady v. Kreuger 8 S. D. 464, 66 N. W. 1083–1085, 59 Am. St. Rep. 771. I am of the opinion that at all events the case should be affirmed. By omitting a statement of the facts from the record, appellant failed to discharge the burden resting upon it of showing that the dereliction of the judge was prejudicial, and, in the absence of such statement, which would have shown prejudice, if it existed, the court should presume that the error was harmless.

However, the case is affirmed by the court on the ground first mentioned.

Affirmed.