## ROTHSCHILD BROS. HAT CO. v. ROLNICK BROS.

### No. 10486.

Court of Civil Appeals of Texas. Dallas.

Feb. 20, 1930.

Rehearing Denied March 22, 1930.

Fred J. Dudley and Wm. Madden Hill, both of Dallas, for plaintiff in error.

Emil Corenbleth, of Dallas, for defendant in error.

LOONEY, J.

Rothschild Bros. Hat Company, a corporation of St. Louis, Mo., sued Rolnick Bros., a partnership composed of George and Harry Rolnick, of Dalllas, Tex., to recover a balance of $574.13, with interest, due on an open account originally in the sum of $1,074.13, the alleged value of a bill of hats sold and shipped by plaintiff to defendant.

Defendants having been discharged in bankruptcy, after the accrual of the indebtedness, the suit was brought under a provision of (section 35, title 11, U. S. Code [11 USCA § 35]) section 17 of the Bankruptcy Act, on the alleged ground that defendants obtained the merchandise by false representations. Harry Rolnick was not served, the suit was dismissed as to him, and George Rolnick answered by a general denial and special pleas to the effect that, if false representations regarding the financial condition of Rolnick Bros. were made to plaintiff by Harry Rolnick as a basis for credit, same were made in good faith and with no intention to misrepresent the true financial condition of said firm; defendant also pleaded his discharge in bankruptcy as a bar to recovery.

At the conclusion of plaintiff's evidence, on motion of defendant, the court rendered judgment in his favor, from which plaintiff has appealed and by appropriate assignment and proposition presents for decision the question which we will now discuss.

Plaintiff insists that the case should be reversed because the trial court failed, after request made in open court to state in writing and file with the clerk the conclusions of fact and law upon which the judgment was based. Defendant contends, however, that this assignment should be overruled, because the record discloses that the request made by plaintiff for findings and conclusions was never in fact called to the attention of the trial judge.

The judgment rendered by the court, after reciting the notice of appeal, contained the following: "Plaintiff further in due form requested in open court that the court file-

findings of fact and conclusions of law herein." The court failed to prepare and file findings and conclusions, and on being presented a proper bill by plaintiff, setting out the fact of the request and the failure to comply, declined to approve same, but instead wrote on a separate sheet a qualification of the bill, referring to same, stated that he could not approve the bill because he had "no recollection of any request ever being made in open court or elsewhere by plaintiff for the filing of findings of fact and conclusions of law"; that the docket sheet of the court did not show any such request; that the only record of such request having been made is contained in the judgment prepared by plaintiff and O. K.'d by the judge; that it was his understanding at the time that said judgment had been agreed to as to form by the parties; and that he had "no recollection of ever reading the same."

The qualifying language of the judge tends to contradict the solemn declarations made in the judgment. This, in our opinion, he could not do in the manner attempted. The recitals of the judgment are conclusive and must stand as solemn truths, unless and until set aside or corrected by a proper proceeding based upon some recognized equitable ground for such relief. Garfield v. Douglass, 22 Ill. 100, 74 Am. Dec. 137; Western Union Tel. Co. v. Jackson, 19 Tex. Civ. App. 273, 46 S. W. 279, 280; Irwin v. State Nat. Bank (Tex. Civ. App.) 224 S. W. 246.

■ Defendant makes the further contention that the error, if any, in failing to file findings and conclusions, was harmless, in that, the same was cured by the presence in the record of a full statement of facts.

Our courts hold that the failure or refusal of the trial judge to file findings and conclusions is not of itself reversible error, but the complaining party must show that he was by reason of such failure prevented from properly presenting his case on appeal. The following cases announced the rule just stated: Barfield v. Emery, 107 Tex. 306, 177 S. W. 952; Johnson v. Frost (Tex. Civ. App.) 229 S. W. 558, 562; Gerhart v. Moore (Tex. Civ. App.) 229 S. W. 876, 878; Colonna v. Kruger (Tex. Civ. App.) 246 S. W. 707, 708; Anderson v. Lockhart (Tex. Civ. App.) 209 S. W. 218; Emery v. Barfield (Tex. Civ. App.) 156 S. W. 311, dissenting opinion of Chief Justice Conner; Riley v. Austin, 112 Tex. 216, 245 S. W. 907.

■ The right, however, of a litigant to the trial court's findings and conclusions is a valuable one, because he is entitled to know what the findings of the judge are where the evidence is conflicting on material issues, also his opinion as to the law that determines the controversy. Without findings of fact, the correctness of the judge's legal conclusions cannot be determined; hence in such a situation, that is, where conflicting evidence on material issues is disclosed by the statement of facts, it will be assumed that the judge's failure to file findings and conclusions was prejudicial and therefore reversible error.

The testimony of Harry Rolnick, the member of the firm of Rolnick Bros. who, it is alleged, made false representations to plaintiff as a basis for the credit extended, brought about a conflict in the evidence on all material issues, especially on the issue as to whether the representations alleged to have been made by him were innocently and mistakenly made, or corruptly and deceitfully made. This conflict is recognized by defendant, as shown by the following excerpt from his brief, to wit: "The fraud in the giving of the financial statement was attempted to be shown in this case by the witnesses A. W. Turner and Harry Rolnick. A. W. Turner's testimony and that of Harry Rolnick are in direct conflict."

The following decisions sustain the proposition that, where the statement of facts reveals a conflict of evidence on material issues, the failure of the trial judge to file findings and conclusions is prejudicial and presents reversible error: Fitzhugh v. Franco-Texas Land Co., 81 Tex. 306, 313, 314, 16 S. W. 1078; Osborne & Co. v. Ayers (Tex. Civ. App.) 32 S. W. 73, 74; M. K. & T. Ry. Co. v. William Cameron Co. (Tex. Civ. App.) 136 S. W. 74; Poulter v. Smith (Tex. Civ. App.) 149 S. W. 279; Kyle v. Blanchette (Tex. Civ. App.) 158 S. W. 796; G., H. & S. A. Ry. Co. v. Stewart & Threadgill (Tex. Com. App.) 257 S. W. 526, 529; Senter v. Garland (Tex. Civ. App.) 298 S. W. 614, 616.

■ case will be reversed and remanded for the error just mentioned, but in view of another trial, we will dispose of the following question raised by defendant. As heretofore shown, the alleged false representations upon which Rolnick Bros. obtained merchandise from plaintiff were made by Harry Rolnick, one of the partners. Defendant insists, therefore, that as George Rolnick was not shown to have had any connection with the alleged false representations of his partner, he cannot be held liable in an action based thereon.

The cases cited by defendant to sustain this contention are not in point, in that they simply hold that a debtor cannot be refused a discharge in bankruptcy on the ground that his partner was guilty of making a materially false statement in obtaining property, unless such debtor was shown to have had a guilty connection therewith. Hardie v. Swafford Bros. Dry Goods (C. C. A.) 165 F. 588, 20 L. R. A. (N. S.) 785; American Shoe Co. v. Nerenbaum (C. C. A.) 15 F.(2d) 577. The uniform holding, however, is to the effect that, in suits based upon deceit, such as the suit at bar, it is not necessary, in order to fix liability, that the fraud complained of was per-

sonal to the defendant; it being only necessary to show that a partner or agent committed the fraud complained of, and that defendant reaped a profit from the fraud committed. The following authorities sustain this doctrine: U. S. Code, Title 11, Bankruptcy, § 35, subdivision second (11 USCA § 35, Subd. Second), and authorities cited in note 7; Strang v. Bradner, 114 U. S. 555, 5 S. Ct. 1038, 29 L. Ed. 248; Friend v. Talcott, 228 U. S. 27, 33 S. Ct. 505, 57 L. Ed. 718; Talcott v. Friend (C. C. A.) 179 F. 676, 679, 43 L. R. A. (N. S.) 649; In re Cloutier Bros. (D. C.) 228 F. 569; Zimmern v. Blount (C. C. A.) 238 F. 740, 743; In re Weitzman (D. C.) 11 F.(2d) 897; Sanger Bros. v. Barrett (Tex. Civ. App.) 221 S. W. 1087, 1089; Ginsberg v. International Shoe Co. (Tex. Civ. App.) 299 S. W. 695, 697; Brown v. Hannagan, 210 Mass. 246, 96 N. E. 714.

Because of the error hereinbefore indicated, the judgment of the court below is reversed, and the cause remanded for further proceedings.

Reversed and remanded.