## GULFTEX DRUG CO., Inc., v. SCHACHTER.

### No. 10524.

Court of Civil Appeals of Texas. Galveston.

Nov. 24, 1937.

Harry Dow, of Houston, for appellant.

Allen, Helm & Jacobs and Ira J. Allen, all of Houston, for appellee.

CODY, Justice.

Appellee, as plaintiff below, recovered judgment against appellant in the sum of $2,000, together with interest at the rate of 6 per cent. per annum from August 24, 1935. The case was tried without a jury. Appellant's complaint here is: First, that its motion for continuance was overruled; second, that its plea in abatement was overruled; third, that its general demurrer was overruled; fourth, that the judgment awarded interest from August 24, 1935; fifth, that its request for findings of fact and conclusions of law was not complied with; lastly, certain other matters of such nature that they will be disposed of in disposing of the enumerated assignments.

The trial was had on February 26, 1936, on plaintiff's first amended original petition, which had theretofore been filed on February 12. It alleged in substance: That, in April, 1935, plaintiff and one J. B. Brown, who was and is the owner of the Consolidated Drug Company, and does business under such name in Houston, entered negotiations contemplating that plaintiff would buy an interest in the Consolidated Drug Company. During this period, and in response to Brown's request, made when plaintiff still believed he would shortly be associated in the business of the Consolidated Drug Company, plaintiff advanced to the drug company the sum of $5,000 to be used, and which was used, to make the required deposit on the purchase price of a carload of whisky ordered by the Consolidated Drug Company from the Shenley Products Company of New York. Under the purchase agreement, the balance of the purchase price was to be paid upon the arrival of the shipment in Houston, when the draft with the bill of lading attached was presented. Thereafter, but before the shipment of whisky arrived in Houston, plaintiff and Brown concluded not to become associated in the business of the Consolidated Drug Company. And an arrangement was effected with defendant whereby it was to take over the shipment of whisky on its arrival in Houston, pay the balance of the purchase

price on presentation of the bill of lading, and repay plaintiff the $5,000 deposit which he had advanced. Pursuant to arrangement the Consolidated Drug Company authorized the diversion of the whisky to defendant, and defendant duly took up the bill of lading, and repaid plaintiff $3,000 of the $5,000 he had advanced, and obligated itself to repay the remaining $2,000 on August 24, 1935. That defendant failed to discharge its obligation to repay the $2,000 on August 24, 1935, and has never paid it. That the parties who engaged in handling the shipment of whisky were lawfully authorized to do so, being bona fide permit holders. That the shipment was one in interstate commerce, and lawful in all particulars, etc.; prayer for recovery of debt in the sum of $2,000, and lawful interest from August 24, 1935.

■ The plea in abatement which appellant filed, and here complains of the trial court overruling, was to this effect: That on August 22, 1935, one Safety Convoy Company filed a suit in Ellis county against plaintiff (appellee herein) and appellant (with whom plaintiff was formerly associated in business), seeking to recover damages growing out of a collision between an automobile being driven by appellee with one belonging to Safety Convoy Company. That at the time of such accident appellee was no longer associated with appellant, and represented to appellant that he would bring about appellant's dismissal from the Ellis county suit, and would make no demands on appellant to repay him until after he had procured such a dismissal; and appellee further represented to appellant that it might withhold whatever attorneys' fees incurred by reason of being joined as defendant in the Ellis county suit. That appellant had never been dismissed from the Ellis county suit, hence the suit to recover the sum of $2,000 was premature.

We are unable to see any merit in the plea of abatement. There is no connection between appellee's suit against appellant to recover $2,000 and the damage suit in Ellis county. The representation that he would procure the dismissal of appellant from such suit, and pay its attorneys' fees, was at best a nudum pactum. The court did not err in overruling it.

■ Appellant's motion for continuance was based on the absence of its employee R. Oury in Mexico at the time of the trial; and of the alleged new matters set up in appellee's first amended original petition. Oury's presence in court was represented as necessary in order to verify the statements made in plea in abatement, and to prove certain unspecified matters of defense. As there was no merit in the plea of abatement, there was no point in having it verified. Furthermore it appears that appellee expressly waived such verification if there be any requirement that such plea be verified. The evidence given on the hearing of the motion for continuance, and on which the court based its refusal of the motion, has not been brought up. If Oury, connected with appellant in business, did in fact take a mere pleasure trip into Mexico, and leave on it the day, or the day before, the case was set for trial, knowing the case was set for trial, it is obvious the court did not abuse its discretion in refusing the continuance because of Oury's absence. Indeed in the absence of a positive showing that the trial court abused his discretion, his action in refusing the continuance will be sustained. We have examined plaintiff's first amended original petition, substituted for his original petition two weeks before appellant was put to trial. We have examined the written evidence upon which it is based. The court did not abuse his discretion in putting appellant to trial on appellee's amended pleading.

■ The theory upon which appellant based its defense to repaying the $2,000 it promised in writing to pay appellee, was that, in advancing the $5,000 to the Consolidated Drug Company, appellee engaged unlawfully in dealing in whisky. The transaction was obviously nothing but a loan by appellee to the Consolidated Drug Company, which appellant agreed, with the consent of appellee, to repay. The purchase of the whisky by the Consolidated Drug Company, and the taking over of the purchase by appellant was not illegal—for they both held permits authorizing such purchase. As appellant has mistaken the legal nature of appellee's connection with the transaction, it becomes unnecessary to review the cases cited to support the proposition that the courts will not enforce a contract which has for its object the violation of law.

■ Without reviewing the evidence, it was sufficient to support the court's judgment in every respect. Nor is there merit in the complaint that the court failed to file findings of fact and conclusions of law. Article 2247, R.S.1925, as amended in 1931 (Vernon's Ann.Civ.St. art. 2247), reads:

1222

"When demand is made therefor, the Judge of a District or County Court thirty days before the time for filing transcript in the cause shall prepare his findings of fact and conclusions of law in any case tried before the Court. If he shall fail so to prepare them, the party so demanding, in order to complain of failure, shall, in writing, within five days after such period, call the omission to the attention of the Judge, whereupon. the period for due preparation and filing shall be automatically extended for five days after such notification."

Appellant's motion to file findings of fact and conclusions of law was filed on June 30, 1936. The order overruling the motion for new trial was made May 14, 1936. That was not 30 days before the transcript had to be filed, July 13, 1936. Not only does the motion appear to have been filed. too late, but it does not appear to have been called to the court's attention. The failure therefore to file findings of fact and conclusions of law, under these circumstances, was not error. Elam v. Tubre (Tex.Civ. App.) 54 S.W.2d 203; Katy State Bank v. Katy Bank (Tex.Civ.App.) 283 S.W. 1114; Smith v. Paschal (Tex.Com.App.) 5 S.W. 2d 135.

Judgment is affirmed.

Affirmed.

PLEASANTS, C. J., absent.