## BARRY v. BARRY.
### No. 11373.

Court of Civil Appeals of Texas. Galveston.
April 30, 1942.

Rehearing Denied May 21, 1942.

Tom Sanders, of Houston (Bernard A. Golding, of Houston, of counsel), for appellant.

Ewing Werlein, of Houston, for appellee.

GRAVES, Justice.

This appeal by the husband is from only so much of a judgment of the 55th District Court of Harris County, sitting without a jury, as, pursuant to Article 4638, Vernon's Texas Civil Statutes, divided between them the estate of himself and his wife; the further part of the decree, awarding her a divorce, not being called in question in this court by him, although he excepted below generally. While the terms of his appeal bond, by which the cause has been brought here for review, show that he does not challenge the granting of the divorce, in any event, had he done so, the effort could not have prevailed. That part of the trial court's judgment, therefore, must remain undisturbed.

In thus limiting his protest against the determination so adverse to him below, appellant, through able counsel, in substance, raises these points for a reversal:

(1) The belated filing on November 26 of 1941 of the trial court's findings of fact and law, in response to appellant's application therefor filed on October 2 of 1941, the same date the judgment was rendered on, and his reminder thereafter of the court's prior failure to so comply with such request, filed November 4 of 1941, deprived him of a valuable right.

(2) The court's refusal, in so decreeing and ordering a division of the community estate between the parties, to either offset the appellee's claimed interest in such joint estate with one-half the salary earned by her during the matrimonial relationship, or to charge her interest with the ascertained amount of temporary alimony

awarded her pendente lite, was such injustice as to constitute abuse of its power.

(3) The court's refusal to regard, or take any notice of, the auditor's report filed by its order in the cause, violated its own ordained procedure.

(4) Both of the court's orders granting alimony—that is, the $75 per month pendente lite, and the $10 per week effective subsequent to the decree below and until final disposition of the appeal—were outside of a sound judicial discretion, in that both allowances were contrary to law and without any support in the evidence.

None of these presentments, in the state of the record brought here, it is determined, should be sustained.

 As concerns the mere delay of the court in so filing its findings, the statute itself dealing with this matter—Article 2247—appears to imply that such mere delay is not to be held to entail a reversal, in its concluding provision that, where the court's attention—as appellant did in this instance—is called to its omission to file the findings within the prescribed time, the permissible period for filing them is thereupon automatically extended· for 5 days longer; at all events, it seems, by our appellate interpretations, that such a simple failure as here occurred should not be held to have caused, or reasonably tended to cause, the rendition of an improper judgment, where the party complaining thereof is not shown to have been in any way prejudiced thereby. No such prejudice against appellant was shown here, for these reasons: (a) The findings of fact and conclusions of law were actually filed within a few days after the statutory period and in time to be included in the transcript; (b) the same findings of fact and conclusions of law are substantially set out in the decree entered prior to the filing of appellant's application for findings and conclusions; (c) there is nothing in the record to show that such application for findings and conclusions, or the reminder thereafter filed by appellant, were called to the attention of the court; (d) a complete statement of facts was filed in the case.

These authorities are cited as supporting that conclusion: Galveston, H. & S. A. Ry. Co. v. Stewart & Threadgill, Tex. Com.App., 257 S.W. 526; Springfield Fire & Marine Ins. Co. v. Whisenant, Tex.Civ. App., 245 S.W. 963; Gerhart v. Moore, Tex.Civ.App., 229 S.W. 876, writ dismissed; Barfield v. Emery, 107 Tex. 306, 177 S.W. 952; Russell v. Lehman, Tex.Civ. App., 300 S.W. 105, writ dismissed; Watts v. Hartford Acc. & Ind. Co., Tex.Civ.App., 140 S.W.2d 604; Katy State Bank v. Katy Bank, Tex.Civ.App., 283 S.W. 1114; Tipton v. Hotel, etc., Alliance, Tex.Civ.App., 149 S.W.2d 1028.

All the stated complaints against the two classes of alimony allowed, that is, the $75 per month during the pendency of the cause below, and the $10 a week thereafter until its final disposition on appeal, are thought to be inept, in that the record is not found to support the factual bases upon which these claims are predicated—that is, that the trial court refused to take into consideration, in settling the joint property accounts, either the salary earned by the appellee while the marriage lasted, or the aggregate amount it had required appellant to pay for temporary alimony during the pendency of the suit there; indeed, quite the contrary appears, not alone from the court's separately filed findings of fact, but in its initial judgment as well.

In the first place, the appellee was not shown to have had on hand at the time this decree of settlement was so rendered any accumulated amount whatever from what she had earned by her labor as a salary during this matrimonial relationship; but, as tending toward an inconsistent result, it was shown that she had not been able to live on such salary as she did earn during that period; and, as no doubt further contributing to that apparently contrary result, she was also shown to have had—during all of that time—the entire support not only of a child of her own by a former marriage, but also the partial upkeep of her mother, in addition.

In the second place, this unimpeached recitation in the court's decree shows that it did in fact duly regard, as well as charge against the appellee's account, the temporary alimony paid her by the appellant during the pendency of the cause below: "* * * the court has determined the least amount to which plaintiff is entitled, and finds that in light of the circumstances, after allowing the defendant credit for all alimony paid by him to the plaintiff, the plaintiff's present community interest in said stock and interest of defendant in said business is of at least the reasonable present cash value of· One-thousand and 00/100 ($1000.00)."

**442**

■ In this connection, it likewise satisfactorily appears to this court that its auditor's report was not only duly regarded by the trial judge, but was satisfactory to him, and that he used it, as the law contemplates in such cases, not by limiting his court to such report in its final determination of what the wife's part of the community estate should be, but only as an aid thereto. This seems to be the intendment of Article 4638, as well as the holding of our courts. See Daniel v. Daniel, Tex.Civ.App., 30 S.W.2d 801.

On this feature, the court's judgment and findings seem plainly to reflect, not an ignoring of nor a failure to properly appraise the auditor's report, but a difficulty upon the court's part in arriving at what was just and fair for the wife, because of the method in which it found the appellant had conducted his business, as well as kept his own books, as appears from this finding: "The court finds that defendant's salary set up on the books at Four-hundred ($400.00) dollars a month was either paid to him and by him paid back to the company, or was not collected by him to the extent of Two-hundred ($200.00) dollars a month, and that the remaining Two-hundred ($200.00) dollars a month is either in the company or has been paid back to the company for some purpose, the exact nature of which is not disclosed by the evidence. The court finds, however, that this item is an earned increment of the community."

■ Under the quoted one, together with other related findings, it is, in short, not made to satisfactorily appear here that the $1,000 decreed to the appellee as her part of their joint holdings, nor the further $250 allowed her as attorney's fees for the prosecution of this suit, were in any sense a violation of the court's duty under the statute cited supra, to divide "the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any." There were no children of this couple, and the facts brought here do not, as appellant earnestly contends, show either that equal and exact justice was not done, or that the able trial court exceeded the rather broad and distinctive judicial discretion with which it was clothed in a case of this character, by this statute, Article 4638. Keton v. Clark, Tex.Civ. App., 67 S.W.2d 437, writ refused; 15 Tex.Jur., page 582, section 107; Blair v.

Blair, Tex.Civ.App., 105 S.W.2d 331; Scott v. Fort Worth National Bank, Tex.Civ. App., 125 S.W.2d 356, writ dismissed; Hughes v. Hughes, Tex.Civ.App., 259 S.W. 180, writ dismissed; Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Scannell v. Scannell, Tex.Civ.App., 117 S.W.2d 538.

■ Finally, as concerns the $10 allowance for alimony subsequent to the trial below and pending this appeal, that, too, is considered but the exercise of the power thus given the trial court; in other words, the exercise of such power comes within the prescribed exception to the general rule that a judgment, in an ordinary case, after its rendition and after the term of the court at which it was rendered has expired, passes beyond the court's jurisdiction. 15 Tex.Jur. 642, Sec. 147; Ex parte Hodges, 130 Tex. 280, 109 S.W.2d 964; Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306.

These conclusions require an affirmance of the appealed-from judgment; it will be so ordered.

Affirmed.